GRISBAUM, Judge.
The defendant, Lee C. Smith, was indicted by a grand jury for first-degree murder in violation of Louisiana Revised Statute 14:30. On May 3, 1983, he pled guilty to manslaughter, a violation of Louisiana Revised Statute 14:31, and at that time, a pre-sentence investigation was ordered. The trial court subsequently sentenced the defendant to 18 years at hard labor with credit for time served, and the defendant appeals the conviction and sentence. We affirm.
The defendant, Lee Smith, met his victim, Mr. Hardy, at a lounge in Pat City on November 19, 1982. Mr. Smith said the victim invited him to his apartment where they each had a beer. According to the defendant, Hardy began making sexual advances toward him and was “pushing very hard” in that regard. Mr. Smith said he had not known Mr. Hardy would do such a thing, and he (Smith) became unnerved. He testified that the advances progressed to the point where the victim pulled a knife; Mr. Smith was at that time standing between the victim and the door. The defendant said he took the knife away and killed the .man by cutting his throat, and that after the killing, he was scared and left the apartment in a hurry. He later returned to the apartment and disconnected a video recorder, by cutting a wire, and took the recorder along with some tapes from the apartment.
The defendant assigned as error the sentence, imposed by the trial court, which he claims is an excessive sentence.
Our jurisprudence provides several principles as an aid in exercising our standard of review for sentencing. First of all, it is necessary in reviewing a sentence to view the trial court record to ensure the trial court adequately complied with Louisiana Code of Criminal Procedure article 894.1 and accorded proper weight to all the relative sentencing factors. State v. Smith, 433 So.2d 688, 698 (La.1983); State v. Tompkins, 429 So.2d 1385, 1388 (La.1982). The articulation of these factors by the trial court facilitates our review and assures sentences imposed are not arbitrary or based on impermissible factors. State v. Douglas, 389 So.2d 1263, 1267 (La.1980) as cited in State v. Jack, 448 So.2d 725, 727 (La.App. 5th Cir.1984).
In viewing the trial court record, and in particular the colloquy at the sentencing hearing, we find adequate compliance with Louisiana Code of Criminal Procedure article 894.1. The record reflects the trial judge considered as mitigating factors the fact that the defendant had no juvenile record, no prior record of arrest, and no convictions. In addition, many letters were written by friends and relatives of the defendant and reviewed by the trial judge, along with interviews included in the pre-sentence investigative report. The trial judge further considered that the defendant had a job offer outstanding and living accommodations promised to him in the event he was released on probation. Moreover, the defendant and his attorney were given ample opportunity to present all mitigating circumstances.
Along with the mitigating circumstances, the trial judge considered several other guidelines under Louisiana Code of Crimi *44 nal Procedure article 894.1 and found: (1) there was an undue risk of the defendant committing another crime; (2) the defendant needed a custodial environment; (3) a lesser sentence would deprecate the seriousness of the crime; (4) the defendant would not respond affirmatively to probationary treatment; (5) there would be no excessive hardship to the defendant’s family resulting from the sentence to be imposed; and (6) the defendant did not act in self-defense nor was he significantly provoked by the victim.
In finding the trial court complied with Louisiana Code of Criminal Procedure article 894.1, we must now decide whether the trial judge abused his sentencing discretion in imposing this particular sentence. The Louisiana Constitution permits the courts of this state to determine whether the sentence of a particular offender is excessive, even though within the statutorily prescribed range. Louisiana Constitution Article I, Section 20; State v. Telsee, 425 So.2d 1251, 1253 (La.1983); State v. Ratcliff, 416 So.2d 528, 533 (La.1982); State v. Sepulvado, 367 So.2d 762, 764 (La.1979). The trial court is given wide discretion in imposing a sentence within the statutory limits, and an appellate court should not set aside a sentence in the absence of manifest abuse of its discretion, particularly where the factual basis and individual considerations upon which the sentence is based appear in the record. State v. Prados, 404 So.2d 925 (La.1981); State v. Cox, 369 So.2d 118 (La.1979). Within the statutory range, the most onerous sentences are properly reserved for the most serious violations and worst kind of offenders. State v. Quebedeaux, 424 So.2d 1009 (La.1982); State v. Jones, 398 So.2d 1049 (La.1981).
The trial judge found the defendant had not acted in self-defense nor was he significantly provoked by the victim. As the trial judge stated at the sentencing hearing, the defendant on several occasions on the night of the murder could have escaped the victim without killing him. As a matter of fact, the defendant was standing behind the victim at the time he cut the victim’s throat. The trial judge noted at the sentencing hearing that the defendant’s actions subsequent to the alleged murder, including taking the victim’s video cassette recorder home with him and lying to police officers on at least one occasion, are inconsistent with the defendant’s assertion that he acted in self-defense.
Additionally, the trial judge found that while there had been some provocation by the victim, the provocation was not significant and certainly not substantial enough to induce the commission of a killing. As the trial court noted, the defendant killed his victim with a knife, which, unlike a gun, does not go off easily in a struggle between two people. The trial judge found, and we agree, that the defendant had contemplated the extreme harm which he perpetrated.
The appellate function is not to substitute our judgment for that of the trial judge but to determine whether the court abused its broad discretion in its sentence. State v. Murdock, 416 So.2d 103, 106 (La.1982). Because the defendant was not significantly provoked by the victim and because it was his intent to commit great bodily harm, the defendant’s crime is obviously among the most serious violations of Louisiana Revised Statute 14:31.[1] Therefore, the 18-year sentence imposed by the trial court for a violation which carries a possible penalty of 21 years is not apparently excessive.
We have inspected the pleadings and proceedings in the record on appeal, and our *45 inspection has failed to reveal any errors patent on the face of the record.
For the reasons assigned the conviction and sentence are affirmed.
AFFIRMED.

. Louisiana Revised Statute 14:31 provides in pertinent part:
(1) A homicide which would be murder under either Article 30 (first degree murder) or Article 30.1 (second degree murder), but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self control and cool reflection. Provocation shall not reduce a homicide to manslaughter if the jury finds that the offender’s blood had actually cooled, or that an average person’s blood would have cooled, at the time the offense was committed ...