PER CURIAM.
The defendant, Thomas W. Thrasher, was charged by an amended bill of information with one count of simple kidnapping in violation of LSA-R.S. 14:45 and one count of indecent behavior with a juvenile in violation of LSA-R.S. 14:81. Following a jury trial, the defendant was convicted of simple kidnapping and attempted indecent behavior with a juvenile. The defendant was ordered to serve consecutive sentences of five years at hard labor for the first offense and two and one-half years at hard labor for the second offense, the maximum sentences allowed by law. The defendant now appeals, urging three assignments of error. Finding that the defendant’s claims are meritless, we affirm his convictions and the sentences imposed.
The record before us reveals the following facts. At approximately 12:00 p.m. on March 17, 1984, the victim, an eight year old girl, spoke with the defendant at Castle Corners, a food establishment in West Monroe. The defendant bought the child a hamburger and a soft drink allegedly in exchange for her agreement to help the defendant wash his truck that evening. The victim and the defendant then left together in the defendant’s car. The victim testified that instead of going to wash the truck, the defendant took her to a place near the Ouachita River. This location was determined to be across the levee toward Lazarre Point. The victim stated that the defendant stopped and got out of the car, making her exit as well. The defendant then forced the victim to lie on the hood of the car while he pulled down her blue jeans and underwear. The defendant, also lying on the hood, unzipped his pants and told the child to perform an act of oral sex on him. The victim then managed to get off the car and pull up her clothing. She immediately ran from the defendant to seek help at a friend’s house nearby. Once there, the police were summoned and the victim later identified the defendant from police photographs.
In his first assignment of error, the defendant contends that the victim, a nine year old child at the time of trial, was not competent to testify. Although the defendant does not brief this argument, his second assignment of error urges that the victim’s testimony should not have been allowed at trial as she was “coached” prior to her appearance to testify before the jury-
At the outset, we note that a specific contemporaneous objection was not made by defendant’s counsel concerning the victim’s “coached” testimony; however, counsel did object to the court’s ruling that the victim was a competent witness. These two arguments are sufficiently interrelated to warrant discussion due to the victim’s young age and the possibility that she could have been susceptible to questioning prior to trial. This would have a bearing on her ability to be a competent witness.
The defendant alleges that Wayne Conrad, a social worker for the Department of Health and Human Resources, spoke with the victim concerning her testimony, discussed certain questions that would be asked, and the answers expected from her. The defendant contends that this questioning “tainted” the victim’s testimony. However, this contention is not supported by the record.
The trial judge, questioning the victim outside of the presence of the jury, stated that Mr. Conrad was present to assist the court in its determination of whether the victim was a competent witness. Mr. Conrad indicated that he had previously spoken with the child concerning the difference between telling the truth and telling a lie; however, there was no indication that there was a discussion of any questions concerning the trial or the offenses with which the defendant was charged. The record also indicates that Brenda Howell, the assistant district attorney, questioned the victim extensively in the presence of her foster mother and talked with the victim prior to the trial concerning the child’s knowledge of truth and fabrication. The child stated, *852 however, that Ms. Howell did not tell her what to say in the presence of the judge or jury.
After the trial judge, the assistant district attorney, and Wayne Conrad all questioned the nine year old victim outside of the presence of the jury, the trial judge found the victim had sufficient understanding to be a competent witness. Defense counsel did not question the victim at that time but objected to the court’s ruling. When the trial resumed in the presence of the jury, defense counsel did not object to the victim’s testimony, but cross-examined her extensively on her recollection of the events surrounding defendant’s commission of the charged offenses.
In State v. Edwards, 420 So.2d 668 (La.1982), the Louisiana Supreme Court found that the testimony of an eight year old child should not have been suppressed. Noting that the trial court may have been justified in its concern that the child might have been a well coached witness, the Supreme Court stated that instead of excluding the child’s testimony, the problem could have been handled through traditional courtroom methods, such as cross-examination, proper instructions by the court to the witness and counsel, and by proper objections. In the instant case, the trial judge’s decision to allow the nine year old victim to testify at trial was correct. There was no evidence presented to indicate that the questioning of the victim prior to trial in any way “tainted” her testimony before the jury. Moreover, the defendant’s counsel was given the opportunity to cross-examine the victim at trial and no evidence was developed to substantiate the claim that the victim had been “coached.” We therefore reject defendant’s argument.
In his last assignment of error, the defendant contends that the trial court erred in imposing the maximum sentence allowed by statute for both of his convictions. He contends that his pre-sentence investigation did not indicate that he should have been given such harsh sentences. We disagree.
It is well-settled that the sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Square, 433 So.2d 104 (La.1983); State v. Brooks, 431 So.2d 865 (La.App. 2d Cir.1983); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983), writ denied 439 So.2d 1074 (La.1983). The sentencing guidelines of LSA-C.Cr.P. Art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tally, .430 So.2d 124 (La.App. 2d Cir.1983), writ denied, 435 So.2d 438 (La.1983). As noted by the Louisiana Supreme Court in State v. Jones, 398 So.2d 1049, 1053 (La.1981), “Maximum sentences are appropriately imposed in cases involving the most serious violations of the described offense, and for the worse kind of offender. Nothing else will justify the great sentencing discretion given the trial judge in Louisiana.”
The trial judge did not abuse his discretion in imposing the maximum sentences in this case. In compliance with LSA-C.Cr.P. Art. 894.1, the trial judge, after examining the pre-sentence investigation report, noted that the defendant had an extensive criminal history which included six prior felony convictions. These consisted of three convictions of forgery, two theft convictions and one conviction of carnal knowledge of a juvenile. The court stated that on the basis of these convictions, the defendant would not be eligible for suspension of sentence or probation.
The trial judge expressed his concern that there would be an undue risk that defendant would commit another crime if he were not imprisoned and that lesser sentences would deprecate the seriousness of these crimes. The trial judge specifically noted that defendant had previously been convicted of a sex offense involving a juvenile and that the victim in this case was only eight years old at the time of the offense.
We find that the trial judge adequately particularized these sentences to this de *853 fendant. Although consecutive sentences of five years and two and one-half years at hard labor for simple kidnapping and attempted indecent behavior with a juvenile are the maximum allowed under the statutes, the record in this case reveals that the trial judge did not abuse his wide sentencing discretion. The sentences imposed do not appear to be grossly disproportionate to the severity of these crimes. State v. Goode, 380 So.2d 1361 (La.1980).
Accordingly, for the foregoing reasons, the defendant’s convictions and sentences are affirmed.
AFFIRMED.