MARVIN, Judge.
In this out-of-time appeal, the 37-year-old defendant, who was charged with and found guilty of possession of phenmetra-zine, a schedule II CDS, and who was sentenced to five years hard labor and ordered to pay costs, or in default of payment, to serve 30 additional days in jail, contends his sentence is unconstitutionally excessive.
The State concedes that the 30-day sentence to be served in default of payment of costs exceeds the statutory maximum for defendant, who was declared indigent by the trial court at arraignment. We shall vacate that portion of the sentence. Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 218, 26 L.Ed.2d 586 (1970); State v. Williams, 288 So.2d 319 (La.1974). The statutory maximum penalty for the offense is five years with or without hard labor and a $5,000.00 fine. LRS 40:967(0(2). We affirm the five-year hard labor sentence, finding no abuse of the trial court’s broad sentencing discretion. LSA Const. Art. 1, § 20. CCrP Art. 894.1.
Ruston police stopped defendant’s vehicle because it matched the description of a vehicle involved in another crime. Defendant was wearing a green jacket that matched the description of one worn by the perpetrator of the other offense. The jacket was seized and taken to the police station where, during an inventory search, police discovered in a jacket pocket three syringes and a small bag of phenmetrazine.
Defendant complains that the trial court’s failure to give sufficient weight to *653 mitigating factors resulted in an unconstitutionally excessive sentence. Defendant had no prior felony convictions. He argues that he possessed only a small quantity of the drug for his personal use and that his possession of the drug did not threaten harm to others.
A sentence, although within the statutory limits, may violate defendant’s constitutional right against excessive punishment. LSA Const. Art. 1, § 20; State v. Sepulvado, 367 So.2d 762 (La.1979). Punishment is unconstitutionally excessive either if it makes no measurable contribution to legitimate goals of punishment and amounts to a needless and purposeless imposition of pain and suffering, or if it is grossly disproportionate to the nature and severity of the offense. State v. Telsee, 425 So.2d 1251 (La.1983).
The sentencing guidelines in CCrP Art. 894.1 are designed to assure that a particular sentencing choice is tailored to a particular defendant and that the sentence is proportionate to those of other, similarly situated offenders. The process of weighing sentencing factors ordinarily results in the most blameworthy offenders receiving maximum sentences allowed for the particular offense. Telsee, supra; State v. Lanclos, 419 So.2d 475 (La.1982).
The trial court reviewed defendant’s PSI and mentioned that all statutory factors favored imprisonment. The court specifically noted defendant’s 25 misdemeanor convictions, dating back to 1968, for crimes such as DWI, possession of marijuana, simple battery, resisting arrest, and criminal neglect of family.
Defendant has been charged with other felonies, including 1981 charges for receiving stolen things and possession of phen-metrazine, but not convicted. The PSI indicates that the 1981 charges were “continued without date.” The PSI also indicated a 1966 aggravated battery charge with “No Disposition.”
Mentioning defendant’s “propensity toward crimes of violence,” the trial court concluded that “there is an undue risk that ... defendant would commit another crime” during a probationary period. The court found that defendant was in need of a custodial environment and “in view of all the surrounding circumstances, a lesser [sentence] would deprecate the seriousness of the crime ...” The court also stated that it reviewed mitigating factors, finding that none factually applied or justified a lesser sentence. The PSI indicates that defendant’s four children had been in his sister’s care.
Although the record clearly supports imprisonment rather than suspension, defendant maintains that the term of his sentence is excessive. We recognize the rule that maximum sentences are generally appropriate only in cases involving defendants who commit the offense in the most serious manner and who are determined, under statutory guidelines, to be the worst kind of offender. Telsee, supra; Lanclos, supra.
This analysis, however, is more easily made of offenders of violent crimes than of offenders who possess contraband. Factors such as the amount of contraband and evidence indicating intent to distribute might be considered in determining whether a defendant is the “worst kind of offender” in a possession crime. These factors, however, also indicate the greater offense of possession with intent to distribute and would perhaps justify the maximum sentence under a guilty plea to the lesser offense of possession in return for reduced penalty exposure. Here, there was no plea bargain. Defendant was tried by jury and found guilty of the possession offense originally charged. There is no discemable evidence indicating the greater crimes of distribution or of possession with intent to distribute.
Nevertheless, the absence of the intent factor, which is entitled to some weight in mitigation of sentence, should not automatically and in all circumstances shield a defendant from the maximum sentence as a matter of law. The sentencing court’s discretion to impose sentences within statutory limits permits the court to *654 determine the weight to be given each sentencing factor. Though the maximum sentence was imposed on this defendant under the recited circumstances, we do not find the sentence to be legally excessive or to be a manifest abuse of the court’s sentencing discretion. State v. Square, 433 So.2d 104 (La.1983). The statutory maximum is available to a sentencing judge in appropriate circumstances, whether defendant is sentenced on a reduced charge or the original charge. This sentence is not grossly out of proportion to the offense, and does not shock our sense of justice. State v. Sepulvado, supra. Given defendant’s obvious criminal propensities and the lack of applicable mitigating factors, the sentence is calculated to achieve the legitimate goals of punishment and rehabilitation.
Considering the State’s concession, we vacate that portion of defendant’s sentence which requires him to serve 30 days in jail in default of costs. Otherwise, the defendant’s sentence is AFFIRMED.