DOUCET, Judge.
Defendant, Allen Shrout, was charged by bill of information with distribution of marijuana, a violation of LSA-R.S. 40:966 A(l). In a trial by jury defendant was found guilty as charged. The trial judge sentenced defendant to ten years at hard labor, the maximum term of imprisonment provided by law. Defendant appeals, his only assignment of error being that the trial court erred in imposing upon defendant the maximum sentence provided by law.
The record does not contain a transcript of the trial testimony. The following facts were recited by the trial judge.
On July 12, 1985, defendant and a companion, James McSweeney, were arrested for distribution of marijuana. Undercover police officers had arranged to buy some marijuana from McSweeney. Defendant and McSweeney drove to the location of the sale. Defendant remained in the automobile, seated on the passenger side, while McSweeney walked over to the officers with three small plastic bags of marijuana. McSweeney handed the marijuana to the *255 officers who gave him $80.00. McSweeney walked over to defendant and asked him for $5.00 to give the officers as change. Testimony of the police officers indicated that defendant was “actively involved with McSweeney” and that he also threw some marijuana underneath the automobile after discovering the true identity of the police officers. The officers testified that after being taken into custody, defendant admitted that the marijuana sold belonged to him.
In imposing sentence, the trial judge cited defendant’s prior record. In 1980, when he was seventeen years old, defendant was convicted of simple criminal damage to property, a misdemeanor. In March 1981, he was convicted of felony theft in Texas and was placed on probation for ten years. In 1982, defendant was charged with, but found not guilty of, felony theft. In April 1983, he was convicted of criminal trespass. In September of that same year, defendant was found not guilty of simple battery. In December 1983, he was charged with burglary and theft. He broke into a local cafe and took some food out of a freezer. Defendant later pled guilty to a misdemeanor charge of theft in connection with that incident. In May 1984, defendant pled guilty to burglary in Texas and was sentenced to serve not less than five nor more than ten years in prison. He was later released on probation after serving only six months. Apparently, the longest sentence of imprisonment meted out to the defendant in Louisiana was one year in jail which was to run concurrently with the Texas sentence. The longest sentence, or portion of a sentence, that defendant actually served behind bars was six months with the Texas Department of Corrections in 1984.
At the time of the presentence investigation, defendant was twenty-four years old and single, with no dependants who would suffer a hardship if he were imprisoned. The presentence report indicated that he was a confirmed drug abuser. His employment record was limited. The trial judge noted that defendant had served various short terms of imprisonment without any apparent deterring effect on his criminal activity. The trial judge doubted defendant could be rehabilitated and felt strongly that if defendant walked out of the courtroom he would be in trouble with the law within six months. For these reasons, the trial judge felt defendant deserved a substantial sentence and therefore imposed the maximum sentence of imprisonment provided by law.
In claiming that the trial court erred in imposing the ten-year sentence, defendant stresses that the offense concerned a relatively small amount of marijuana and further, that he has never been convicted of, or apparently even arrested for, any drug offense.
Article I § 20 of the Louisiana State Constitution prohibits the imposition of excessive sentences. Determination of whether or not a particular sentence is excessive is a question of law reviewable by an appellate court. State v. Sepulvado, 367 So.2d 762 (La.1979).
The ten year sentence imposed by the trial judge is the maximum term of imprisonment allowed under the statute. Even though the sentence is within the statutory limits, it may still be excessive. State v. McDonald, 390 So.2d 1276 (La.1980). However, a trial judge is given wide discretion in the imposition of sentences within the statutory limits and, absent manifest abuse of discretion, such a sentence should not be set aside as excessive. State v. Abercrumbia, 412 So.2d 1027 (La.1982); State v. Huntley, 438 So.2d 1188 (La.App. 3rd Cir.1983).
Intertwined with the appellate review of a sentence for excessiveness is a review of the record to ensure that the trial court adequately complied with the requirements of LSA-C.Cr.P. art. 894.1. State v. Smith, 433 So.2d 688 (La.1983). Art. 894.1 sets out guidelines to be followed by a trial judge in sentencing a defendant. The statute requires that the trial court state for the record the considerations taken into account and the factual basis therefor in imposing sentence. This aids the appellate court in reviewing the sentence for exces- *256 siveness. It is not necessary that the trial judge articulate every aggravating and mitigating circumstance listed in art. 894.1, but only that the record reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Ray, 423 So.2d 1116 (La.1982); State v. Keeney, 422 So.2d 1144 (La.1982).
A review of the transcript of the sentencing hearing shows that the trial judge adequately considered the art. 894.1 guidelines in imposing sentence on the defendant. However, such a finding does not preclude the possibility that the sentence imposed is constitutionally excessive.
In judging whether or not a sentence is excessive, an appellate court must determine whether the penalty is so disproportionate to the severity of the crime as to shock the court’s sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980). Louisiana provides a range of sentencing choices for most offenses. It is well settled under Louisiana jurisprudence that maximum sentences are appropriately imposed in cases involving the most serious violations of the described offense, and for the worst kind of offender. State v. Quebedeaux, 424 So.2d 1009 (La.1982); State v. Jones, 398 So.2d 1049 (La.1981); State v. Tzuanos, 491 So.2d 826 (La.App. 3rd Cir.1986); State v. Williams, 486 So.2d 889 (La.App. 1st Cir.1986), writ denied at 489 So.2d 915 (La.1986); State v. Thrasher, 480 So.2d 850 (La.App. 2nd Cir.1985); State v. Smith, 463 So.2d 42 (La.App. 5th Cir.1985); State v. Swift, 449 So.2d 654 (La.App. 4th Cir.1984). Nothing else will justify the great sentencing discretion given the trial judge. State v. Jones, supra.
In the following two cases, this court found the sentences imposed to be constitutionally excessive:
State v. Hicks, 450 So.2d 64 (La.App. 3rd Cir.1984): Defendant was sentenced to five years at hard labor, the maximum penalty, for attempted distribution of marijuana worth $35.00. She pled guilty after the charge was reduced from distribution. Defendant was twenty-five years old, had one prior arrest for violation of a parish ordinance, and was the mother of two.
State v. Stroud, 438 So.2d 1172 (La.App. 3rd Cir.1983): Defendant was sentenced to three years at hard labor and fined $1,000.00 for possession with intent to distribute one-half pound of marijuana. Defendant had good work and service records, a wife and two children, and no prior criminal record.
The facts and circumstances of these two cases differ markedly from those of the instant case. The defendant in this case has an extensive criminal record although he has so far escaped serving any substantial term of imprisonment. We feel the trial judge in this case properly individualized the sentence to fit this particular defendant and we are unable to say that this sentence is so disproportionate to the severity of the crime so as to shock this court’s sense of justice. The trial judge apparently felt that defendant committed one of the most serious violations of distribution of marijuana and that he was the worst kind of offender deserving the maximum term of imprisonment provided by law. We find no abuse of the trial judge’s discretion in the imposition of this sentence.
For the reasons assigned, we affirm the conviction and sentence of defendant.
AFFIRMED.