556 So.2d 200 (1990)
STATE of Louisiana, Appellee,
v.
James Ray MAYWEATHER, Appellant.
No. 21153-KA.
Court of Appeal of Louisiana, Second Circuit.
January 24, 1990.
Steven R. Thomas, Mansfield, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Don Burkett, Dist. Atty., Robert E. Burgess, Asst. Dist. Atty., Mansfield, for appellee.
Before HALL, MARVIN and HIGHTOWER, JJ.
MARVIN, Judge.
After pleading guilty to possession of marijuana, second offense and being sentenced to the maximum sentence of five years at hard labor (LRS 40:966 D(2)), James Ray Mayweather appeals, contending that his sentence is factually unsupported and unconstitutionally excessive.[1]
We affirm.
Five marijuana cigarettes were discovered in Mayweather's sock when he was stopped and searched by DeSoto Parish sheriff's deputies who were acting on a tip from a confidential informant, in October 1988. This occurred three years after Mayweather's 1985 conviction for possession of marijuana. He was charged with second offense possession of marijuana and possession of drug paraphernalia. The State dismissed the paraphernalia charge when he pleaded guilty to the marijuana charge.
Mayweather was fined and placed on unsupervised probation for the 1985 marijuana conviction. In January 1988, he was charged with distribution of marijuana. That charge was pending when he was arrested in October 1988, and was reduced by plea bargain to simple possession, for which Mayweather received a one-year suspended sentence with supervised probation in November 1988, two months before his guilty plea in this case.
The PSI report shows dismissals or no disposition of these charges against Mayweather:

 1968 Theft
 1978 Aggravated assault
 1981 Aggravated battery
 1981 Receiving stolen things
 1986 Theft

*201 Mayweather, who is 39 years old and in good health, dropped out of high school after the 11th grade. He is married and has two children, one of whom lives with his mother-in-law. According to the PSI report, Mayweather worked regularly from 1974-1984, sporadically from 1985-1987, and not at all in 1988. He was not working when the PSI was prepared in early 1989. When Mayweather was sentenced in March, his attorney informed the court that Mayweather "is now gainfully employed," but did not otherwise explain where or how he was employed.
The trial court gave these reasons for its sentence:
Defendant's extensive on-going criminal record establishes that there is undue risk that he will commit another crime if his sentence is suspended or he is placed on probation. Not only is there undue risk of this occurring, but it in fact did occur. The instant offense occurred at a time when defendant was on probation for exactly the same offense he pled guilty to this time.
His criminal conduct over the past years indicate[s] a need for correctional treatment in a custodial environment. Efforts to correct his conduct on probation have failed two times previously.
Additionally, a lesser sentence than one of imprisonment for a repeat drug offender will deprecate the seriousness of defendant's crime....
The Court has reviewed all of the [mitigating] factors set forth in Paragraph B of Art. 894.1, and finds them either completely inapplicable or of ... insufficient weight to merit either a suspended or probated sentence.
The trial court's observation that Mayweather committed this offense while on probation for another drug offense is incorrect. When Mayweather was arrested in October 1988, he had completed his probation for the 1985 conviction and had been charged but not yet sentenced on the January 1988 marijuana offense. He was sentenced and placed on probation in November 1988. When he committed this offense in October 1988 he had been convicted of marijuana possession, charged with marijuana distribution, and had other arrests for theft, assault, battery, and receiving stolen things, which arrests had not resulted in convictions.
Notwithstanding the trial court's mistaken impression that Mayweather was on probation when he committed this offense, the record shows that this was his third marijuana arrest since mid-1985. When he was sentenced, Mayweather had received a probated sentence for the January 1988 drug charge, reduced by plea bargain from distribution to possession. The record shows Mayweather is unable to refrain from criminal conduct when he is not incarcerated.
As this court has noted, the general rule that maximum sentences should be imposed only where the offense is committed in the most serious manner and the defendant is the worst kind of offender is more difficult to apply in contraband possession cases than in cases involving violent crimes. See discussion in State v. Mayfield, 493 So.2d 652 (La.App.2d Cir.1986). There, affirming a five-year maximum sentence for possession of a small bag of phenmetrazine, we said:
[T]he absence of the intent [to distribute] factor, which is entitled to some weight in mitigation of sentence, should not automatically and in all circumstances shield a defendant from the maximum sentence [for possession] as a matter of law.... The statutory maximum is available to a sentencing judge in appropriate circumstances, whether defendant is sentenced on a reduced charge or the original charge.... Given defendant's obvious criminal propensities and the lack of applicable mitigating factors, the sentence is calculated to achieve the legitimate goals of punishment and rehabilitation. 493 So.2d at 653-654.
Maximum sentences for drug offenses committed by defendants with past criminal records were also affirmed in State v. Taylor, 454 So.2d 1216 (La.App.2d Cir. 1984) (five years for possession of several phentermine capsules), State v. Herron, 506 So.2d 970 (La.App.3d Cir.1987), writ *202 denied (five years for second offense possession of an unstated amount of marijuana, suspended and probated on the condition that defendant serve a ten-year maximum sentence for marijuana distribution), and State v. Shrout, 505 So.2d 253 (La. App. 3d Cir.1987) (ten years for distribution of three small plastic bags of marijuana).
Our review of Mayweather's sentence leads us to the same conclusion made in State v. Shrout, supra:
The defendant in this case has an extensive criminal record although he has so far escaped serving any substantial term of imprisonment. We feel the trial judge in this case properly individualized the sentence to fit this particular defendant and we are unable to say that this sentence is so disproportionate to the severity of the crime so as to shock this court's sense of justice. 505 So.2d at 256.
Mayweather's sentence is factually supported and is not constitutionally excessive.
AFFIRMED.
NOTES
[1] Mayweather also assigned as error the trial court's denial of his motion to suppress evidence. The record shows that the motion was withdrawn by defense counsel before Mayweather's guilty plea.