566 So.2d 661 (1990)
STATE of Louisiana, Appellee,
v.
Michael J. MIMS, Appellant.
No. 21708-KA.
Court of Appeal of Louisiana, Second Circuit.
August 22, 1990.
Rehearing Denied September 20, 1990.
Writ Denied November 16, 1990.
Michael J. Mims, Homer, in pro. per.
Bobby L. Culpepper, Jonesboro, for appellant.
William J. Guste, Jr., Atty. Gen., John C. Blake, Dist. Atty., Chris L. Bowman, Asst. Dist. Atty., for appellee.
*662 Before HALL, MARVIN and HIGHTOWER, JJ.
MARVIN, Judge.
In this excessive sentence appeal, we review for the third time the sentences Michael J. Mims received for distribution of marijuana and possession of marijuana with intent to distribute. LRS 40:966.
We detail his prior sentences, and our reasons for vacating them, while reviewing, and finally affirming, consecutive sentences of nine years at hard labor of which Mims here complains.
Mims contends in this appeal, through counsel and in proper person, that his sentence is unconstitutionally excessive. In supplemental assignments of error made in proper person, Mims seeks error patent review and contends the trial court relied on erroneous information at sentencing. He also argues that he should not have been sentenced as a habitual offender under LRS 15:529.1 because his first felony conviction was not final when he was sentenced as a second felony offender.

PRIOR SENTENCES
Mims was convicted by jury of the offenses in November 1985. After a post-trial Batson hearing, which we ordered in April 1987 (State v. Mims, 505 So.2d 747 (La.App. 2d Cir.1987)), we affirmed the convictions in March 1988. State v. Mims, 524 So.2d 526 (La.App. 2d Cir.1988), writ denied.
The facts, which are more detailed in the earlier reports, are here summarized. On November 23, 1984, Mims sold marijuana to a confidential informant for $20 at the convenience store Mims operated in East Hodge. Mims told the informant he had more marijuana in a safe place in his mobile home. Police searched his home the next morning and found 1.7 pounds of marijuana in a stereo speaker.
Without habitual offender enhancement, Mims faced up to ten years at hard labor and a fine of $15,000 for each offense under LRS 40:966 B(2), before its 1987 amendment. With enhancement, the maximum exposure for one offense, but not for both, was doubled. LRS 15:529.1; State v. Sherer, 411 So.2d 1050 (La.1982). The trial court originally imposed consecutive ten-year sentences for each offense and two $15,000 fines, each with one year of default time at hard labor. We vacated these sentences when we affirmed the convictions in 1988. See 524 So.2d at 545-546.
At the original sentencing in April 1986, the court stated that Mims "had been found to be a habitual offender, and as such, is subjected to a sentence that is twice the longest term prescribed [for] a first conviction on each of these counts." We noted the record did not contain the habitual offender adjudication and found that the court, acting without a PSI report, had not articulated reasons justifying maximum consecutive sentences for the offenses which arose from a single course of conduct. Additionally, we found no authority for the court's order that the default time be served at hard labor. Also noting that ten years imprisonment and one year default time exceeded the statutory maximum sentence for each offense and was constitutionally impermissible for an indigent defendant, we remanded for resentencing. 524 So.2d at 546.
The record of the habitual offender adjudication, which occurred in March 1986, about a month before Mims was first sentenced, was included in the record when Mims was resentenced in November 1988 after our first remand. The second sentence, also without benefit of a PSI, was nine years for each offense, imposed consecutively, with a $15,000 fine or one year of default time for each offense. On the appeal, we again found that the sentences were not particularized to the offender and the offenses. We vacated the sentences and again remanded with instructions that the court order a PSI report before resentencing Mims. State v. Mims, 550 So.2d 760 (La.App. 2d Cir.1989). We also noted that the maximum exposure Mims faced as a habitual offender was 30 years, and not 40 years as calculated by the trial court. 550 So.2d at 764.
After the second remand, Mims was again sentenced to consecutive nine-year *663 terms for each offense and was not fined. Because of his adjudication as a habitual offender, we first consider Mims's contention that his first felony conviction was not "final" when he was sentenced as a second felony offender under LRS 15:529.1.

HABITUAL OFFENDER STATUS
The predicate offense for the March 1986 habitual offender adjudication was a 1982 conviction of, or guilty plea to, attempted distribution of marijuana. Mims was on probation for the 1982 offense when he committed the offenses in November 1984 that provoked the appeals of the sentences we are now considering. His probation was revoked in February 1986. By application for post-conviction relief filed in August 1988, Mims was granted an out-of-time appeal of the 1982 conviction on January 30, 1989. On November 1, 1989, we affirmed the 1982 conviction, but reversed the revocation of probation, primarily because the warrant for Mims's arrest for violating his probation was defective. State v. Mims, 552 So.2d 664 (La.App. 2d Cir.1989).
The sentences now under review were imposed on Mims as a second felony offender on September 29, 1989, while the out-of-time appeal of the 1982 conviction was pending. Mims argues the 1982 conviction was not final and cannot be used for sentencing enhancement, citing State v. Gani, 157 La. 231, 102 So. 318 (1924).
Gani was convicted of selling liquor and was sentenced as a second offender after his first conviction for the same offense was affirmed on appeal, but before the supreme court denied his rehearing application. Because the first conviction was not final when Gani was convicted as a second offender, the court set aside the enhanced sentence for the later offense and remanded for Gani's resentencing as a first offender. The court held that the conviction sought to be used for enhancement must be "final, either because not appealed from or because of having been affirmed on appeal ... at least at the time when the second conviction is had." 102 So. at 319. Emphasis in original.
Although finality of the predicate conviction, as defined in Gani, is required for sentence enhancement under LRS 15:529.1, we have noted that a defendant's offender status under § 529.1 is determined as of the time the subsequent offense is committed. State v. Dennis Lewis, 564 So.2d 765 (La.App. 2d Cir.1990).
Lewis committed armed robbery in 1988, while his 1987 aggravated battery conviction was on appeal. Notwithstanding that the 1987 conviction had been affirmed by the time Lewis was convicted of armed robbery, we held the 1987 conviction could not be used for enhancement under § 529.1 because it was not final when the armed robbery was committed.
When Mims committed the offenses in 1984, his 1982 conviction, at that time, was a final conviction under Gani because it had not been appealed. A conviction is final either because it is not [timely] appealed or it has been affirmed on appeal. Gani, quoted supra. Mims did not seek the out-of-time appeal of the 1982 conviction until August 1988, more than two years after his 1986 habitual offender adjudication and about five months after we vacated his original sentences for the 1984 offenses. The out-of-time appeal of the 1982 conviction was granted in January 1989, between Mims's first and second resentencings for the 1984 offenses. At the second resentencing in September 1989, Mims did not object to the court's reference to him as a habitual offender or assert that the out-of-time appeal of the predicate 1982 conviction was pending.
In any event, although the 1982 conviction was not "affirmed on appeal" until after Mims was last resentenced, it was final under Gani, "because [it was] not appealed from," when Mims committed these offenses in 1984.
On this record, we find no error in the court's sentencing of Mims as a habitual offender.

SENTENCE REVIEW
When Mims was originally sentenced in April 1986 and when he was first *664 resentenced in November 1988, the court had no PSI report. The scant facts on which the first two sentences were based consisted of Mims's age (27 at the original sentencing), his lack of dependents, and the 1982 conviction of attempted distribution of marijuana. The consecutive nine-year sentences we now review were imposed in September 1989, with benefit of a PSI.
Mims was born in December 1958 and was reared in the Jonesboro-Hodge area, in a family of seven children whose members have a harmonious relationship, according to the PSI. Mims was an "average" high school student and attended Grambling State University for three semesters. He has worked as a carpenter's helper and a pipefitter's helper. When arrested in November 1984, Mims was operating a small convenience store in East Hodge [where, we add, he sold the marijuana to the confidential informant]. He has never been married and has not served in the military. He admitted drinking alcohol and using marijuana but denied using "hard drugs."
Mims has no juvenile record. He was first arrested in June 1980 for possession of marijuana with intent to distribute. He was fined and placed on probation after pleading guilty to the reduced charge of simple possession. While on probation, he was arrested for distribution of marijuana in 1981. He pleaded guilty to attempted distribution in April 1982. He was again fined, given a three-year suspended sentence and placed on probation. Three months after that sentence was imposed, Mims was again arrested for distribution of marijuana. According to the PSI report, the accuracy of which Mims did not dispute, the "D.A.'s office declined prosecution because of evidentiary problems when [an] informant, who had agreed to testify, fled the jurisdiction and could not be secured for trial."
Mims was still on probation for the 1982 conviction when he committed these offenses in November 1984. The trial court erroneously stated that he was on probation when he was convicted of these offenses and misstated the year of his conviction as 1984 rather than 1985. These errors, of which Mims now complains, are harmless and do not change the fact that Mims has not refrained from criminal conduct in spite of past leniency. See and compare State v. Mayweather, 556 So.2d 200 (La.App. 2d Cir.1990).
Mims also contends the court failed to consider several mitigating factors. The court expressly mentioned his education and work history, and implicitly recognized that Mims has no juvenile record. Mims's assertions in briefthat he was engaged to be married when arrested and that he has "excelled in numerous self help organizations" and furthered his education while incarcerated after the 1985 convictions were not mentioned either in the PSI or at the sentencing hearing where his counsel acknowledged receiving a copy of the PSI and expressly stated that he did not question or dispute the contents of the PSI.
Mims claims his age is a mitigating factor because he "was a relatively youthful offender" when he committed these offenses [we add, about three weeks before his 26th birthday], "and this is [his] first time exposure to correctional treatment or a custodial environment." Mims received a suspended hard labor sentence for his 1982 conviction. His arrest in 1984 was his fourth drug arrest in four years. Each arrest occurred while he was on probation for a prior drug offense. On this record, we cannot say the trial court gave insufficient weight to his age as a mitigating factor.
Mims also claims he "has successfully completed a three year term of probation" for the 1982 drug conviction. To the extent that his claim is meant as an assertion that he led a law-abiding life while on probation, his claim is misleading. In State v. Mims, 552 So.2d 664 (La.App. 2d Cir.1989), we found that Mims's probation was wrongfully revoked, and that his sentence for the 1982 conviction was deemed satisfied as of April 19, 1985, because the probation revocation arrest warrant was defective and did not suspend the running of the probationary period. Notwithstanding that we deemed his 1982 probated sentence *665 "satisfied," he did not "successfully" complete his probation, as he urges. The fact that Mims was on probation when he committed the offenses in November 1984 was a relevant consideration under CCrP Art. 894.1 when he was last sentenced in 1989 for the 1984 offenses.
When the prior sentences were imposed, the court knew of Mims's 1982 drug conviction, the predicate offense for the habitual offender adjudication, but was not aware of his 1981 conviction for possession of marijuana, reduced from possession with intent to distribute, or of his July 1982 arrest for distribution of marijuana, for which he was not prosecuted because the informant was not available to testify.
Each of the charges against Mims has involved distribution or possession with intent to distribute marijuana. Each arrest after his first conviction in 1980 occurred while Mims was on probation for another drug offense. From this pattern of criminal conduct, the court found that Mims "was preying on the public ... [and] shows no likelihood of rehabilitation." We agree.
Mims is not a youthful or a first felony offender. His poor potential for rehabilitation, and the threat posed to the public, are now documented in the PSI and justify consecutive rather than concurrent sentences. See and compare State v. Ashley, 463 So.2d 794 (La.App. 2d Cir.1985) and State v. Wisenor, 452 So.2d 281 (La.App. 2d Cir.1984).
As a second felony offender under LRS 15:529.1, Mims faced up to 20 years for one of the 1984 offenses and up to 10 years for the other. He received a total of 18 years, slightly more than half of the 30-year maximum he could have received.
The record, after two remands, now factually supports the consecutive nine-year sentences Mims received, which sentences we do not find to be shockingly disproportionate to the severity of his conduct. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Beavers, 382 So.2d 943 (La.1980).
The sentences are AFFIRMED.

APPLICATION FOR REHEARING
Before HALL, MARVIN, HIGHTOWER, FRED W. JONES, Jr. and LINDSAY, JJ.
Rehearing denied.