BROWN, Judge.
Defendant, Artis Lee Jones, pled guilty as charged to possession of cocaine and was sentenced to the maximum term of five years imprisonment at hard labor. On appeal he argues that as a first felony offender the sentence was excessive. Finding the sentence not to be excessive, we affirm.
FACTS
On June 19, 1989 a Lincoln Parish Sheriff’s detective entered the parking lot of Ella Jane’s cafe, an area known for drug trafficking, and saw defendant leaning against a car. Defendant dropped a small medicine bottle which the detective recovered. The bottle contained three rocks of cocaine and defendant was arrested on the scene.
DISCUSSION
The LSA-Const. Art. 1 § 20 prohibits the imposition of excessive punishment. A sentence must be tailored to the offender and the particular offense. For an appellate court to competently review a sentence to determine if it is unconstitutionally excessive, the trial court must articulate its reasons for the sentence. The goal of LSA-C.Cr.P. Art. 894.1 is to provide a framework for the trial court to set out its factual basis for the sentence. State v. Smith, 433 So.2d 688 (La.1983). The important elements which should be considered in sentencing are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Mims, 550 So.2d 760 (La.App. 2d Cir.1989), appeal after remand, 566 So.2d 661, writ denied, 569 So.2d 970 (La.1990); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied, 521 So.2d 1143 (La.1988).
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. Art. 1, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, we will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Hudgins, supra; State v. Madison, 535 So.2d 1024 (La.App. 2d Cir. 1988).
In selecting a proper sentence, the trial court is not limited to considering only defendant’s prior convictions but may properly review all criminal activity. State v. Palmer, 448 So.2d 765 (La.App. 2d Cir. 1984), writ denied, 452 So.2d 695 (La.1984). The court is not required to render a suspended or probated sentence on a first felony offense and may consider whatever *1313 factors and evidence it deems important to reach a just decision. State v. McKethan, 459 So.2d 72 (La.App. 2d Cir.1984); State v. Tally, 430 So.2d 124 (La.App. 2d Cir.1983), writ denied, 435 So.2d 438 (La.1983).
At sentencing the trial court noted that defendant was 39 years old. The court asked defendant if he disputed any matters in the PSI report which had been made available and defendant did not take issue with its contents. The court then discussed defendant’s criminal history which comprised over four pages in the PSI report. He had been arrested 96 times since May 1969 with 49 misdemeanor convictions as follows: disturbing the peace— 12, simple battery — 5, issuing worthless checks — 13, DWI — 4, other traffic — 6, aggravated assault — 1, resisting an officer— 2, theft — 1, damage to property — 4, and one trespass. He had no felony convictions.
The trial court correctly believed defendant’s current offense to be serious and that based on defendant’s record he was likely to commit another crime if given a shorter sentence or probation. The court found none of the mitigating factors listed in LSA-C.Cr.P. Art. 894.1. The court recognized that defendant had violated the law repeatedly over the course of 20 years. The court then imposed the maximum prison sentence of 5 years at hard labor.
The PSI report discussed all the necessary factors to be considered in sentencing. The record showed that the trial court articulated an adequate basis for the sentence. Although defendant had no prior criminal record for drug involvement, he was in possession of three rocks of cocaine in a neighborhood known for drug trafficking in suspicious circumstances.
In State v. Mayweather, 556 So.2d 200 (La.App. 2d Cir.1990) this court affirmed a maximum five year sentence for possession (second offense) of five joints of marijuana. The defendant had a prior conviction for possession of marijuana and a total of two prior marijuana arrests.
As in Mayweather, we note that a general rule that maximum sentences are reserved for the worst offender or the worst offense is difficult to apply in many cases, particularly in contraband possession cases. The absence of proof of intent to distribute should not as a matter of law shield a defendant from the maximum sentence for possession. Given defendant’s obvious criminal propensities and the lack of applicable mitigating factors, the statutory maximum was appropriate in this case to achieve legitimate goals of punishment and rehabilitation.
Here, as in Mayweather, defendant had an extensive criminal record although he had escaped serving any substantial term of imprisonment. The trial court properly individualized the sentence to fit this particular defendant and this offense. This sentence is not so disproportionate to the severity of the crime as to shock this court’s sense of justice. Defendant’s sentence was factually supported and thus, the trial court did not manifestly abuse its wide discretion.
We have examined the record for error patent and found none.
Accordingly, Jones’s conviction and sentence are affirmed.
AFFIRMED.