WALTZER, Judge.
John Demolle was charged by bill of information on December 5, 1991, with aggravated rape, a violation of LSA-R.S. 14:42. At his arraignment on December 16, 1991, he pleaded not guilty. The trial court found probable cause and denied the Motion to Suppress the Confession on February 12, 1992. A twelve-member jury found him guilty as charged after a two day trial on September 21 and 22, 1992. He was sentenced to life imprisonment without benefit of parole, probation, or suspension of sentence on October 8, 1992. He now appeals, arguing that the trial court erred in overruling the appellant's challenges for cause on prospective jurors Lauren Shelton and Lonnie Arnold. However, because we find a reversible error patent, we did not reach the errors argued.
Upon review of the record, we discovered that the appellant was charged by bill of information rather than by bill of indictment. Because appellant’s offense, aggravated rape, is punishable by life imprisonment, prosecution for the crime must be instituted by grand jury indictment. Louisiana Constitution of 1974, Art. 1 § 15; C.Cr.P. art. 382. This requirement is based upon the legal precept that an individual should not be accused of a crime punishable by life imprisonment except by a group of his fellow citizens acting independently of either prosecuting attorney or judge. Thus, any conviction rendered under this legally defective prosecution is reversible as a matter of law and may be recognized by an appellate court on a review of the face of the record. C.Cr.P. art. 920(2). State v. Davis, 385 So.2d 193 (La.1980); State v. Ruple, 437 So.2d 873 (La.App. 2 Cir.1983).
Accordingly, the appellant’s conviction and sentence are reversed. The case is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.