SEXTON, Judge.
Appellant, Michael Mims, once again appeals sentences by the Second Judicial District Court on convictions of distribution of marijuana and possession of marijuana with intent to distribute, which were imposed on January 5,1993. On the distribution charge, Mims was sentenced as a habitual offender to nine years at hard labor and a fine of $15,-000. An additional year was assessed in default of payment of the fine. On the count of possession with intent to distribute, Mims was sentenced to five years at hard labor. No fine was assessed. The court ordered these sentences to run consecutively.
Upon his original conviction for these offenses in 1988, Mims was sentenced to ten years at hard labor on each offense. These sentences were assessed consecutively. In addition, Mims was fined $15,000 for each offense with one year of default time at hard labor upon failure to pay the fines. Mims appealed and the convictions were affirmed, but the sentences were vacated by this court. State v. Mims, 524 So.2d 526 (La.App. 2d Cir.1988).
On remand, the trial court, noting defendant had been adjudicated a habitual offender, resentenced defendant to nine years at hard labor and to pay a fine of $15,000 on *850 each count. In addition, in default of payment of the fines, defendant was ordered to serve an additional year on each count. The trial court ordered these sentences to be served consecutively. This court vacated those sentences and remanded to the trial court for yet another resentencing. State v. Mims, 550 So.2d 760 (La.App. 2d Cir.1989).
After the second remand, Mims was sentenced to consecutive nine-year terms at hard labor for each offense, but was not fined. On appeal, the sentences were affirmed. State v. Mims, 566 So.2d 661 (La. App. 2d Cir.1990), writ denied, State v. Mims, 569 So.2d 970 (La.1990).
Defendant then sought supervisory writs which were partially granted. State v. Mims, 607 So.2d 549 (La.1992). The court set aside the sentences and remanded for resentencing noting that the enhancement of defendant’s sentences appeared to be contrary to its holdings in State ex rel Porter v. Butler, 573 So.2d 1106 (La.1991), and State v. Sherer, 411 So.2d 1060 (La.1982). Upon this remand, the defendant was resentenced on count one as a habitual offender to nine years at hard labor and a fine of $15,000, with one year of default time. On count two, defendant was sentenced to five years at hard labor. No fine was assessed. The court ordered the sentences to be served consecutively. Defendant now appeals this sentence asserting three assignments of error.
Mims first contends the trial court failed to comply with the supreme court’s mandate relative to habitual offender sentences. As one of the grounds for this contention, Mims argues the current sentence of nine and five years at hard labor, assessed consecutively with a $15,000 fine is more severe than the previous sentence imposed by the trial court. LSA-C.Cr.P. art. 881.1 precludes Mims from raising this ground on appeal because he failed to include this argument in his motion to reconsider. Moreover, we note Mims’ current sentence is actually four years less than the prior consecutive sentences of nine years at hard labor on each count. In this respect, Mims also argues the imposition of default time makes the current sentence more severe than the prior sentence which was without default time. Inasmuch as the fine and default time will be deleted for reasons set forth hereafter, this argument will be pretermitted. Accordingly, we do not view the current sentence as more excessive than the former sentences of nine years at hard labor on each count, also to run consecutively.
Mims next argues the trial court did not follow Butler or Sherer in resentencing Mims. This argument is without merit. On remand from the supreme court, the trial court only sentenced Mims as a habitual offender on one of the counts. Since Mims was not sentenced as a habitual offender on the second offense that arose from the same criminal episode, the trial court complied with the supreme court’s order and Butler and Sherer. These cases preclude the enhancement of a defendant’s sentence on more than one conviction occurring the same day and arising out of the same criminal episode.*
Mims next contends the sentence imposed by the trial court was excessive. In brief, Mims argues that the trial court did not adequately articulate reasons, pursuant to LSA-C.Cr.P. art. 894.1, for both enhancement and consecutive sentences. State v. Sherer, supra, mandates that the function of the consecutive sentence should be similar to the sentence imposed on habitual or dangerous offenders, and thus sentences for crimes arising from a single course of conduct should be concurrent rather than consecutive, absent a showing that the offender poses an unusual risk to the safety of the public.
Indeed, the trial court on the instant remand from the supreme court did not articulate reasons for imposing consecutive sentences. Such articulation in this instance was unnecessary. In State v. Mims, 566 So.2d 661 (La.App. 2d Cir.1990), this court reviewed the defendant’s background and the trial court’s previously stated reasons for *851 imposing consecutive sentences and specifically affirmed them. Those same reasons are more than sufficient now to justify the consecutive sentences imposed of nine and five years at hard labor. Additionally, we note the supreme court denied writs in reference to the decision by this court affirming the former consecutive nine-year terms imposed for each offense.
Mims also contends the trial court erred in imposing a fine and default jail time in lieu thereof. Indeed, an indigent defendant cannot be sentenced to a jail term in the event of default of payment of an imposed fine. State v. Jones, 588 So.2d 805 (La.App. 2d Cir.1991). This court has already determined Mims is indigent. State v. Mims, 524 So.2d 526 (La.App. 2d Cir.1988). More importantly, however, when this matter was reviewed by us in 1989 in State v. Mims, 550 So.2d 760 (La.App. 2d Cir.1989), we noted that the record revealed inadequate reasons for imposition of the maximum fine on this indigent defendant. Upon remand, the defendant was not fined. See State v. Mims, 566 So.2d 661 (La.App. 2d Cir.1990). As we have already noted, at the instant resentenc-ing, there was no articulation of the reasons for the sentences imposed. We therefore conclude that the instant record does not support the fine imposed. Therefore, the fine and jail term in lieu thereof will be deleted.
We note further the trial court failed to give Mims credit for time served and failed to advise Mims of the prescriptive period for post-conviction relief.
In imposing sentence the court shall give the defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence. LSA-C.Cr.P. art. 880. Failure to do so is error patent. State v. Allen, 571 So.2d 758 (La. App. 2d Cir.1990). The sentence will be amended to reflect credit for the time served. State v. Coleman, 605 So.2d 231 (La.App. 2d Cir.1992); State v. Hughes, 587 So.2d 31 (La.App. 2d Cir.1991).
LSA-C.Cr.P. art. 930.8 provides that at the time of sentencing the trial court shall inform the defendant of the prescriptive period for post-conviction relief. The record shows the court did not so inform defendant. This defect has no bearing on the sentence and is not grounds to reverse the sentence or remand the case for resentencing. State v. Cox, 604 So.2d 189 (La.App. 2d Cir.1992); LSA-C.Cr.P. arts. 921, 930.8(C). The district court is directed to give defendant written notice of the prescriptive period for applying for post conviction relief within ten (10) days of the rendition of this opinion and to file defendant’s receipt of such notice in the record of the proceedings. State v. Mock, 602 So.2d 776 (La.App. 2d Cir.1992); State v. Smith, 600 So.2d 745 (La.App. 2d Cir.1992).
In summary, we amend the defendant’s sentences to delete the $15,000 fine and jail term imposed in default of payment of the fine. We also order that the defendant be given credit for time previously served. As amended, the defendant’s sentences are affirmed. The trial court is directed to provide LSA-C.Cr.P. art. 930.8 advice and to appropriately supplement the record as indicated herein.
AFFIRMED AS AMENDED.

 For the purposes of this opinion, we assume, but do not decide, that the instant convictions arose out of the same course of conduct.