J^LEON A. CANNIZZARO, JR., Judge.
The defendant, Evelyn Ballard a/k/a Lisa Williams, was charged by bill of information with aggravated kidnapping of a child, a violation of La. R.S. 14:44.2[1] Following a trial, the trial court found the defendant guilty of simple kidnapping, a violation of La. R.S. 14:45, and sentenced her to three years in the Department of Corrections with credit for time served. The defendant appealed her conviction and sentence.
FACTS
Ranata Harris awoke in the early morning on December 25, 2001, to feed her infant daughter, Jovanshay Bass. Ms. Harris’ brother, Joseph Harris, and the defendant, whom Ms. Harris knew as Lisa Williams, were also present because Lthey had spent the night at Ms. Harris’ home. After feeding her daughter, Ms. Harris gave Jovanshay to her brother and returned to her bedroom and fell asleep. When Ms. Harris awoke a short time later, she discovered that Jovanshay and the defendant were gone. Ms. Harris searched the area near her home but failed to locate them.
When Ms. Harris called the police to report her daughter missing, she informed them that the defendant probably had taken her baby. Ms. Harris also gave the police a Polaroid photograph of Jovanshay and informed them that the defendant had mentioned she might be traveling to Texas by bus. Ms. Harris and the police checked the bus station, but did not find the defendant and the infant. Ms. Harris later went to the defendant’s apartment and discovered from a piece of mad that the defendant’s real name may have been Evelyn Ballard. She informed the police of *724 the defendant’s real name. That same afternoon, the police showed Ms. Harris an individual photograph of a suspect, whom she positively identified as the person she knew as Lisa Williams.
On the evening of December 25, 2001, Ms. Harris traveled with the New Orleans police to Houma, Louisiana, where her daughter was recovered.
Joseph Harris corroborated his sister’s testimony.
Sergeant David LeBoueff, of the Terre-bonne Parish Sheriffs Office, testified at trial that he and several other officers traveled to 5972 North Bayou Black Drive. Upon entering the residence, the officers found several children in one room and the defendant in another room, lying on a pile of clothing. The missing infant was discovered under the same pile of clothing. The sheriff deputies transported the defendant and the infant to the Terrebonne Parish Sheriffs Office and notified the New Orleans Police Department. After learning of an ^outstanding warrant for the defendant, the sheriff deputies arrested her for kidnapping.
ASSIGNMENT OF ERROR-ORIGINAL BRIEF
In the sole assignment of error raised in her original appeal brief, the defendant argues that the trial court imposed an excessive sentence.
Although a sentence is within the statutory limits, the sentence may still violate a defendant’s constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence is unconstitutionally excessive if it makes no measurable contribution to acceptable goals of punishment, is nothing more than the needless and purposeless imposition of pain and suffering, and is grossly out of proportion to the severity of the crime. State v. Lobato, 603 So.2d 739 (La.1992).
Generally, a reviewing court must determine whether the trial judge adequately complied with the sentencing guidelines set forth in La.C.Cr.P. art. 894.1 and whether the sentence is warranted in light of the particular circumstances of the case. State v. Soco, 441 So.2d 719 (La.1983).
If adequate compliance with Article 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of his case, keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged. State v. Quebedeaux, 424 So.2d 1009 (La.1982). The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within the statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982).
14As previously stated, the trial court found the defendant guilty of simple kidnapping. The sentencing provision for simple kidnapping, La. R.S. 14:45 B, states, “Whoever commits the crime of simple kidnapping shall be fined not more than five thousand dollars, imprisoned with or without hard labor for not more than five years, or both.”
In State v. Thrasher, 480 So.2d 850 (La.App. 2 Cir.1985), the Second Circuit found that the trial court did not abuse his discretion in sentencing the defendant to five years for the simple kidnapping of an eight-year old girl.
In this case, the three-year sentence imposed by the trial court is within the statutorily mandated sentencing range for simple kidnapping. Also, the trial court *725 based his sentencing on a previously ordered pre-sentence investigation that indicated the defendant had prior misdemean- or convictions. The record clearly reflects an adequate factual basis for the sentence. This assignment of error is without merit.
ASSIGNMENT OF ERROR-SUPPLEMENTAL BRIEF
The defendant also raised an assignment of error in her supplemental brief, arguing that the State erroneously charged her by a bill of information rather than by a grand jury indictment.
Generally, a defendant charged with aggravated kidnapping of a child pursuant to La. R.S. 14:44.2 is subjected to a possible punishment of life imprisonment without the benefit of parole, probation, or suspension of sentence. In Louisiana, the prosecution of an offense punishable by life imprisonment is to | sbe instituted by a grand jury indictment. See La. Const.1974, Art. 1. § 15[2] and La.C.Cr.P. art. 382 A[3]. This requirement is based upon the legal precept that an individual should not be accused of a crime punishable by life imprisonment except by a group of his fellow citizens acting independently of either the prosecuting attorney or judge. State v. Demolle, 621 So.2d 167 (La.App. 4 Cir.1993).
In the instant case, the State never alleged in either the bill of information or at trial that the child victim was returned physically injured or sexually abused. In the absence of such an allegation in the bill of information, if the defendant had been convicted as charged, pursuant to La. R.S. 14:44.2 B(2), she would have been sentenced in accord with the provisions of La. R.S. 14:44.1, relative to second degree kidnapping, which contains no provision for a life sentence. Because the allegations in the bill of information charging the defendant were insufficient to constitute an offense punishable by life imprisonment, a grand jury indictment was not necessary to institute the prosecution against her. Thus, under these circumstances, the State did not err in charging the defendant by bill of information.
CONCLUSION
Accordingly, the defendant’s conviction and sentence are affirmed.
AFFIRMED

. La. R.S. 14:44.2 provides:
A. Aggravated kidnapping of a child is the unauthorized taking, enticing, or decoying away and removing from a location for an unlawful purpose by any person other than a parent, grandparent, or legal guardian of a child under the age of twelve years with the intent to secret the child from his parent or legal guardian.
B. (1) Whoever commits the crime of aggravated kidnapping of a child shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.
(2) Notwithstanding the provisions of Paragraph (1) of this Subsection, if the child is returned not physically injured or sexually abused, then the offender shall be punished in accordance with the provisions of R.S., 14:44.1.

. La. Const. 1974, Art.l, § 15 provides, in part, that “no person shall be held to answer for a capital crime or a crime punishable by life imprisonment except on indictment by a grand jury.”

. La.C.Cr.P. art. 382 A provides:
A prosecution for an offense punishable by death, or for an offénse punishable by life imprisonment, shall be instituted by indictment by a grand jury. Other criminal prosecutions in a district court shall be instituted by indictment or by information.