### OSCAR NELSON V. STATE OF NEBRASKA.

FILED NOVEMBER 28, 1927. No. 25778.

*Bernard McNeny* and *S. A. Dravo*, for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Donald Gallagher, contra.*

Heard before GOSS, C. J., DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ., and REDICK, District Judge.

GOOD, J.

Plaintiff in error, hereinafter referred to as defendant, was convicted of violations of the liquor laws and prosecutes error to review the record of his conviction.

The information contained two counts. The first count charged unlawful transportation of intoxicating liquors, in violation of chapter 106, Laws 1925, and further charged that it was a second offense. The second count charged unlawful possession of intoxicating liquors, in violation of section 3288, Comp. St. 1922, and further charged that it was a third offense. Defendant was convicted upon both counts and sentenced to a term of two years in the penitentiary upon each count; the two sentences to run consecutively, and not concurrently.

The record discloses that persons engaged in the enforcement of the liquor laws went to the home of defendant and purchased two bottles of intoxicating liquor. At the time, the parties were all in defendant's barnyard, near the barn door. Defendant, or his brother, went into the barn and brought out the liquor. It was there delivered to the purchaser, who paid defendant therefor. The only transportation shown was bringing the liquor out of the barn and handing it to the purchaser near the barn door.

Taking a bottle of liquor from a cupboard or locker and handing it to another in the same room is not such transportation as is denounced by the statute; nor does the moving of liquor from a barn and handing it to another at the barn door constitute such an unlawful transportation, within the meaning of the law. It is difficult, if not impossible,

to fix a hard and fast rule as to how extensive the movement or transportation must be, to constitute a violation of law. There must be a substantial movement of the liquor from one place or vicinity to another. Whether there is a violation of the statute must be determined by the facts shown in the particular case.

Counsel for defendant, while conceding that the record shows that defendant was guilty of unlawful possession of intoxicating liquor, contends that the evidence does not warrant his conviction as for a third offense. Counsel for the state concede that this contention is well-founded. The record shows that more than two years previous to the acts charged in the instant case defendant was convicted of a violation of the liquor law, and paid his fine. Evidence was also introduced showing that, subsequent to that conviction and prior to the instant prosecution, defendant had been arrested and convicted in the district court of a violation of the liquor laws and a sentence there imposed, and that proceedings in error were then pending in the supreme court for a review of defendant's conviction in that case. It was admitted on oral argument that since the trial of this case the error proceedings in the former case have resulted in a reversal, so that there is now no judgment of conviction against the defendant in that case.

The rule is that in a prosecution for violation of the liquor laws, as for a third offense, where the evidence of one of the former violations charged shows that proceedings in error are pending and undisposed of which might result in a reversal of such judgment, such evidence is insufficient and incompetent to establish a former conviction. *McAlester v. State*, 16 Okla. Cr. Rep. 70; *Long v. State*, 17 Okla. Cr. Rep. 672; *Commonwealth v. McDermott*, 224 Pa. St. 363, 24 L. R. A. n. s. 431.

From the record it appears that defendant is guilty of unlawful possession of intoxicating liquors in the instant case, has been once previously convicted of a violation of the liquor laws in this state, and is liable therefore to a pen-

alty as for a second offense, which is a misdemeanor, carrying a more severe penalty than for a first offense.

The judgment of the district court, as to the first count of the information, is reversed and dismissed, and the judgment upon the second count is reversed and remanded to the district court, with directions to sentence defendant upon said count as for a second offense.

REVERSED.