IN RE ADOPTION OF TERRENCE DAVID KING ET AL.
DONALD D. RIGGERT ET AL., APPELLEES, V. TERRENCE D.
KING, APPELLANT.
223 N. W. 2d 155

Filed November 14, 1974. No. 39479.

Leroy P. Shuster, for appellant.

Friedman & Berry, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.
This is an appeal in a proceeding for the adoption of

three minor children. The petition for adoption was filed by Donald D. Riggert. The natural parents were divorced in 1967. The petitioner and the mother of the children, Delores M. Riggert, were married in 1969. The appellant, Terrence D. King, who is the natural father, lives in Tucson, Arizona.

The petition alleged the children had resided with the petitioner for more than 6 months and the appellant had abandoned the children for more than 6 months. Consents to the adoption were filed by Mrs. Riggert and the guardian for the children.

The county court ordered the petition be heard on February 8, 1973. Notice of the hearing was served personally upon the appellant on January 23, 1973. The appellant did not appear on February 8, 1973, the date originally fixed for the hearing, or on February 13, 1973, the date to which the hearing was continued. The record shows no adequate excuse for the appellant's failure to appear in the county court. The county court found generally in favor of the petitioner and granted the petition. On March 12, 1973, the appellant filed a notice of appeal to the District Court.

No record of the evidence in the county court was filed or offered in the District Court and the District Court refused to allow the appellant to present additional evidence in that court. The District Court found the decree of adoption of the county court should be ratified and affirmed. The appellant has appealed to this court.

The issues in this case are largely procedural. Prior to the adoption of L. B. 1032, Laws 1972, appeals in guardianship proceedings were tried in the District Court as a suit in equity. §§ 43-112, 30-1606, R. R. S. 1943; Cass v. Pense, 155 Neb. 792, 54 N. W. 2d 68.

Section 24-541, R. S. Supp., 1972, now provides that appeals from the county court to the District Court shall be "by petition in error or de novo on the record except those matters referred to in section 30-1606, which matters shall be appealed de novo." The "matters" referred

to in section 30-1606, R. R. S. 1943, are "appeals from the probate or denial of probate of wills and the allowance or disallowance of claims filed against an estate." So far as this case is concerned, the effect of section 24-541, R. S. Supp., 1972, was to change the proceeding in the District Court from a trial de novo to a trial de novo upon the record.

It is a well-established principle of law that error is not presumed and the burden is upon the party complaining of the action of the lower court to show by the record that it was erroneous. See, Blanco v. General Motors Acceptance Corp., 180 Neb. 365, 143 N. W. 2d 257; Van Wye v. Wagner, 163 Neb. 205, 79 N. W. 2d 281. It was the duty of the appellant to see that a record of the evidence in the county court was properly presented in the District Court. Where no record of the evidence in the lower court is presented to the reviewing court, it is presumed the evidence sustained the findings of the court. The judgment must be affirmed if the pleadings support the judgment.

The appellant also complains of the refusal of the trial court to permit him to introduce additional evidence in the District Court. Section 24-541, R. S. Supp., 1972, provides the District Court may, in its discretion, receive additional evidence if the court determines such evidence is reasonably necessary to determine the issues, make findings of fact, and render judgment thereon.

Where there is no record of the evidence in the lower court there is little basis upon which a trial court could determine that additional evidence was reasonably necessary. There was no showing in this case of what the additional evidence would be or why it was reasonably necessary. The record fails to show an abuse of discretion by the trial court in refusing to permit the introduction of additional evidence in the District Court.

The judgment of the District Court is affirmed.

AFFIRMED.