STATE OF NEBRASKA, APPELLEE, V. KEITH J. ESTES, APPELLANT.
472 N.W.2d 214

Filed July 19, 1991.   No. 90-265.

Thomas M. Kenney, Douglas County Public Defender, and Brian S. Munnelly for appellant.

Robert M. Spire, Attorney General, and Wynn Clemmer for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

The defendant, Keith J. Estes, appeals from his conviction for second-offense driving while under the influence of alcohol, following the district court's affirmation of the county court's judgment.

On June 13, 1989, Estes appeared in Douglas County Court with his court-appointed counsel to enter a plea of no contest to second-offense driving while under the influence, for which he was arrested on April 30. Prior to the entry of his plea, the court advised him of all his constitutional rights except his right to counsel.

After the plea was accepted, the court held an enhancement hearing and found that this conviction was for a second offense. Estes had pled no contest on March 24, 1989, to an earlier driving while under the influence charge. Judgment and sentence were entered for that charge on May 11, and Estes timely appealed to the district court on May 12. Estes' first-offense conviction and sentence were affirmed by this court on August 3, 1990.

On October 5, 1989, the county court sentenced Estes to a term of 30 days' imprisonment, a $500 fine, and a driver's license suspension of 1 year for the second offense. Estes appealed this judgment and sentence to the district court on October 5, and they were affirmed on February 16, 1990. He then appealed the district court's decision to this court.

Estes claims the enhancement of his sentence was improper because the first-offense conviction was pending on appeal to this court at the time of the enhancement hearing and therefore could not be used for enhancement purposes. He also claims that his no-contest plea to the second offense was invalid because the court did not specifically inform him of his right to

counsel, despite the fact that he had a court-appointed attorney at the time he entered his plea, as well as at an earlier suppression hearing and at sentencing.

Estes did not assign as error the improper enhancement of the second-offense conviction in his appeal from the county to the district court. Prior to our decision in *State v. Erlewine*, 234 Neb. 855, 452 N.W.2d 764 (1990), in cases where the district court acted as an intermediate court of appeals, both the district court and the Nebraska Supreme Court generally reviewed appeals from the county court for error appearing on the record. See, Neb. Rev. Stat. §§ 25-2733 and 25-1911 (Reissue 1989); *Communications Workers of America v. Abrahamson*, 228 Neb. 335, 422 N.W.2d 547 (1988); *Kuehl v. Diesel Power Equip. Co.*, 228 Neb. 353, 422 N.W.2d 361 (1988). It was not generally necessary that errors be raised on appeal to the district court in order to be considered by this court. See *State v. Lesac*, 231 Neb. 718, 437 N.W.2d 517 (1989). In *Erlewine, supra* at 857, 452 N.W.2d at 767, we announced the new rule pertaining to appeals from the county court:

> The Supreme Court, in reviewing decisions of the district court which affirmed, reversed, or modified decisions of the county court, will consider only those errors specifically assigned in the appeal to the district court and again assigned as error in the appeal to the Supreme Court. This rule shall be effective so as to apply to all county court decisions appealed to the district court after the filing date of this opinion.

The *Erlewine* decision was filed March 23, 1990. Estes appealed to the district court on October 5, 1989. Therefore, our decision in *Erlewine* is not applicable to this case, and we will review the record in the county court for error despite Estes' failure to assign the enhancement issue as error in his appeal to the district court.

Neb. Rev. Stat § 39-669.07(b) (Reissue 1988) requires that a person who has previously been convicted of the offense of driving while under the influence of alcoholic liquor or any drug or of driving with a blood, breath, or urine alcohol level equal to or greater than .10 percent in the 10 years prior to the date of the current conviction shall be guilty of a Class W

misdemeanor. For a second violation of § 39-669.07, the court shall order the defendant not to drive for a period of 1 year and shall revoke the driver's license of the defendant for the same period, in addition to any other sentence imposed. The court must make a finding on the record as to the number of the defendant's previous convictions, and the defendant must be given the opportunity to review the record of his or her prior convictions, object to the validity of the convictions, and bring mitigating evidence to the attention of the court.

The issue in this case is what constitutes a conviction for purposes of enhanced punishment for a second violation of § 39-669.07. Estes claims that a previous conviction on appeal at the time of the second offense may not be considered a conviction for purposes of enhanced punishment because the conviction is not yet final and may be overturned by the appellate court. We agree.

To constitute a basis for enhancement of punishment on a charge of a second or subsequent offense, the prior conviction relied upon for enhancement must be a final conviction. Accordingly, a prior conviction that is pending on appeal will not support enhanced penalties because it has not yet become final. The conviction may be reversed by the appellate court. Nebraska adopted this rule in 1927 in *Nelson v. State*, 116 Neb. 219, 216 N.W. 556 (1927), and it remains the law today in Nebraska, as well as in the majority of other jurisdictions. See, e.g., *Frazier v. State*, 452 So. 2d 1015 (Fla. App. 1984); *Juskulski v. State*, 206 Ind. 503, 190 N.E. 423 (1934); *Neal v. Commonwealth*, 221 Ky. 239, 298 S.W. 704 (1927); *State v. Gani*, 157 La. 231, 102 So. 318 (1924); *State v. Mims*, 566 So. 2d 661 (La. App. 1990); *Williams v. State*, 125 Miss. 347, 87 So. 672 (1921); *Staniforth v. State*, 24 Ohio App. 208, 156 N.E. 924 (1927); *Bob Pollock v. The State*, 132 Tex. Crim. 463, 104 S.W.2d 863 (1937); *Anthony v. State*, 794 S.W.2d 526 (Tex. Crim. App. 1990); *State v. Zounick*, 133 Wash. 638, 234 P. 659 (1925); *State v. Alexander*, 10 Wash. App. 942, 521 P.2d 57 (1974). If the conviction has been affirmed on appeal or the time for appeal has expired, the conviction is final for purposes of enhancement. *Gani, supra; Mims, supra.* The defendant's habitual offender status is determined at the time the

subsequent offense is committed. *Mims, supra*. Therefore, even if the first conviction is affirmed before sentencing on the second conviction, it may not be used for sentencing enhancement purposes, since it was not final at the time the second offense was committed.

At the time of his enhancement hearing and sentencing hearing on the second offense, Estes had timely filed an appeal of his first conviction before this court. Therefore, under *Nelson, supra*, Estes' first conviction could not be used to enhance his punishment to that of a second offender because his first conviction was not final. The county court was in error in sentencing Estes as a second offender. We reverse the decision of the district court and remand the cause with directions to remand to the county court for resentencing based on the decision in this case.

Because of our decision here, we find it unnecessary to discuss Estes' second assignment of error. We note, however, that any failure of the county court to specifically inform Estes of his right to counsel at the time of his entry of plea is not error, since at that time he was represented by counsel and had been so represented throughout the proceedings. We may conclude from this that he was aware he was entitled to a court-appointed attorney.

REVERSED AND REMANDED WITH DIRECTIONS.