774 N.W.2d 749 (2009)
278 Neb. 967
STATE of Nebraska, appellee,
v.
Mark A. MACEK, appellant.
No. S-08-1196.
Supreme Court of Nebraska.
November 20, 2009.
*750 Peter K. Blakeslee for appellant.
Jon Bruning, Attorney General, and James D. Smith, Lincoln, for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
*751 HEAVICAN, C.J.

INTRODUCTION
Mark A. Macek appeals his guilty plea and conviction in the Lancaster County District Court for driving under the influence of alcohol, fourth offense. Macek claims that two of his three prior convictions were improperly used to enhance his sentence because they were not final, appealable orders. We affirm the decision of the district court.

BACKGROUND
On November 22, 2007, Macek was stopped and cited for driving under the influence of alcohol (DUI) and refusing to submit to a chemical test. On June 9, 2008, Macek pled guilty to DUI in exchange for the State's agreement to drop the charge of refusal to submit to a chemical test. The trial court found that Macek understood his rights and the charges against him and that he freely, voluntarily, and knowingly entered a plea of guilty.
Macek objected to the use of two of his certified prior convictions for DUI on the ground that they were not final orders because they lacked a file stamp. The trial court found that his objection was an impermissible collateral attack on his prior convictions and accepted the certified copies into evidence. The trial court then found that the certified convictions were sufficient for enhancement and convicted Macek of fourth-offense DUI. At the sentencing hearing on July 25, 2008, Macek was sentenced to 180 days in jail and ordered to pay costs, and his operator's license was suspended for 15 years. Macek appeals.

ASSIGNMENT OF ERROR
Macek assigns that the district court erred when it accepted two of his prior convictions for enhancement purposes because they lacked file stamps.

STANDARD OF REVIEW
Statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the trial court.[1]

ANALYSIS
Macek argues that the district court erred in using two of his prior convictions for DUI to enhance his sentence because those two prior convictions lacked a file stamp. Macek largely relies upon Neb.Rev.Stat. § 25-1301(3) (Reissue 2008), and State v. Estes.[2] Section 25-1301(3) provides:
The entry of a judgment, decree, or final order occurs when the clerk of the court places the file stamp and date upon the judgment, decree, or final order. For purposes of determining the time for appeal, the date stamped on the judgment, decree, or final order shall be the date of entry.
To support his claim, Macek cites to Estes, in which this court stated that a prior conviction still pending on appeal could not be used for enhancement purposes.[3] Macek claims that without a file stamp, a prior conviction is not final, much like the prior conviction in Estes. Macek also *752 points to State v. Brown,[4] in which the Court of Appeals refused to accept jurisdiction of an appeal where there was no file stamp on the final order. Both cases are distinguishable.
In Estes, the prior conviction was still on appeal, and Brown involved a defendant who was currently appealing his conviction. In contrast, the two prior convictions in this case were used to enhance Macek's 2006 conviction for third-offense DUI, and both Macek and the State agree that the convictions took place in 2002. The waivers of rights contained in both prior convictions were entered in November 2002 and bear Macek's signature. Macek does not contend that either of the 2002 prior convictions are currently on appeal or that he would be able to appeal the convictions at this time.
The State argues that Macek is making an impermissible collateral attack on his prior convictions, and we agree. We have stated that a defendant may not collaterally attack his or her prior conviction. In State v. Keen,[5] a defendant argued that a prior conviction could not be used to enhance his sentence for DUI. The defendant pled guilty to a DUI in 1998, under an ordinance that was later invalidated. We stated that "[c]ollateral attacks on previous proceedings are impermissible unless the attack is grounded upon the [trial] court's lack of jurisdiction over the parties or subject matter."[6] Therefore, even though the defendant's conviction under the invalid ordinance would likely have been overturned had he filed a direct appeal, it was sufficient for enhancement purposes.
State v. Royer[7] involved a defendant who asserted that his prior conviction was invalid for the purpose of enhancing his sentence. In that case, a file-stamp date on a prior conviction was illegible. First, we found that the defendant was making an impermissible collateral attack on his prior conviction because it was not based on jurisdiction. Second, we found that other dates on the document demonstrated that the final order was entered on April 30, 2002. Under Neb.Rev.Stat. § 60-6,197.02(1)(a) (Reissue 2008), a conviction may be counted as a prior conviction for purposes of enhancement if it is for a violation that was committed within the previous 12 years. The partial file stamp showed that the conviction took place within 12 years. Therefore, the prior conviction was properly used for enhancement.
In order to prove a prior conviction for purposes of sentence enhancement, "the State has the burden to prove the fact of prior convictions by a preponderance of the evidence and the trial court determines the fact of prior convictions based upon the preponderance of the evidence standard."[8] Macek does not argue that the State did not prove his prior convictions by a preponderance of the evidence, only that the lack of a file stamp prevents the prior convictions from being final orders. The only other basis upon which a prior conviction can be challenged is the claim that the conviction was obtained in violation of the due process requirements of the state and federal Constitutions.[9] *753 Macek does not argue that his prior convictions were obtained in violation of due process requirements. Macek's appeal is therefore an impermissible attack on his prior convictions.

CONCLUSION
We conclude that Macek is making an impermissible collateral attack on his prior DUI convictions and that those prior convictions were properly used for enhancement purposes. Macek's assignment of error is without merit, and the judgment of the district court is affirmed.
AFFIRMED.
NOTES
[1] Japp v. Papio-Missouri River NRD, 271 Neb. 968, 716 N.W.2d 707 (2006).
[2] State v. Estes, 238 Neb. 692, 472 N.W.2d 214 (1991).
[3] Id.
[4] State v. Brown, 12 Neb.App. 940, 687 N.W.2d 203 (2004).
[5] State v. Keen, 272 Neb. 123, 718 N.W.2d 494 (2006).
[6] Id. at 130, 718 N.W.2d at 500.
[7] State v. Royer, 276 Neb. 173, 753 N.W.2d 333 (2008).
[8] State v. Hall, 270 Neb. 669, 674, 708 N.W.2d 209, 214 (2005).
[9] See State v. Royer, supra note 7.