State of Nebraska, appellee, v.
Robert C. Taylor, appellant.
___ N.W.2d ___

Filed December 6, 2013.    No. S-12-241.

 1. **Prior Convictions: Appeal and Error.** On a claim of insufficiency of the evidence, an appellate court, viewing and construing the evidence most favorably to the State, will not set aside a finding of a previous conviction for the purposes of sentence enhancement supported by relevant evidence.
 2. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below.
 3. **Sentences: Prior Convictions: Proof.** In order to prove a prior conviction for purposes of sentence enhancement, the State has the burden to prove the fact of prior convictions by a preponderance of the evidence, and the trial court determines the fact of prior convictions based upon the preponderance of the evidence standard.
 4. **Trial: Evidence: Proof.** Preponderance of the evidence requires proof which leads the jury to find that the existence of the contested fact is more probable than its nonexistence.
 5. **Statutes: Appeal and Error.** Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.
 6. **Statutes.** It is not within the province of a court to read a meaning into a statute that is not warranted by the legislative language.
 7. **Drunk Driving: Prior Convictions: Proof: Time.** The plain and ordinary meaning of Neb. Rev. Stat. § 60-6,197.02 (Reissue 2010) does not require the State to prove the exact date of the prior offense.
 8. ____: ____: ____: ____. Under Neb. Rev. Stat. § 60-6,197.02 (Reissue 2010), the State has the burden to prove by a preponderance of the evidence that the prior offense occurred in the 12 years prior to the current offense.
 9. **Rules of the Supreme Court: Appeal and Error.** Absent plain error, the Supreme Court's review on a petition for further review is restricted to matters assigned and argued in the briefs.

Petition for further review from the Court of Appeals, Inbody, Chief Judge, and Moore and Riedmann, Judges, on appeal thereto from the District Court for Lancaster County, Robert R. Otte, Judge. Judgment of Court of Appeals affirmed.

Robb N. Gage for appellant.

Jon Bruning, Attorney General, Erin E. Tangeman, and Nathan A. Liss for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, STEPHAN, MCCORMACK, MILLER-LERMAN, and CASSEL, JJ.

McCORMACK, J.

## NATURE OF CASE

This case is before this court on further review of the decision of the Nebraska Court of Appeals.[1] Robert C. Taylor pled guilty in the district court for Lancaster County to driving under the influence (DUI). The Court of Appeals affirmed the conviction and found that at the enhancement hearing, the State had met its evidentiary burden in establishing Taylor's prior DUI convictions. We granted Taylor's petition for further review.

## BACKGROUND

On May 20, 2011, Taylor was arrested for driving under the influence of alcohol. On August 26, 2011, the State filed an information charging Taylor with DUI. The State alleged that it was his fourth offense, which would enhance the conviction to a Class IIIA felony. The State alleged Taylor had been convicted of three prior DUI's in Lancaster County and that the offenses had occurred on March 17, 2002; November 25, 2001; and June 14, 1999.

On January 19, 2012, Taylor pled guilty to DUI. The State provided a factual basis for the offense, and the district court accepted Taylor's plea. The district court then immediately proceeded to an enhancement hearing.

At the enhancement hearing, the State presented five exhibits. For Taylor's 1999 and 2001 DUI convictions, the State offered the certified court records. The exhibits were entered without objection. The State testified that the Lancaster County Court could not locate the certified court record for Taylor's 2002 DUI conviction.

In lieu of the certified court record for the 2002 conviction, the State offered exhibits 1, 2, and 5. Exhibit 1 is a certified copy of the electronic records of case No. CR02-4882 from

---

[1] *State v. Taylor*, No. A-12-241, 2013 WL 1111621 (Neb. App. Mar. 19, 2013) (selected for posting to court Web site).

JUSTICE, an online court records retrieval system in Nebraska. Exhibit 1 contains the citation number, the date the case was filed, the plea date, and the sentencing date. Exhibit 2 is a certified copy of the bill of exceptions from that case. It includes the arraignment, the plea hearing, and the sentencing hearing. During the plea hearing for the 2002 conviction, the parties stipulated that there was a factual basis to accept Taylor's guilty plea. Exhibit 5 is a certified copy of Taylor's driving record from the Nebraska Department of Motor Vehicles. It shows the same citation date as exhibit 1, the same case number as exhibits 1 and 2, and the same judgment date as exhibit 2. Exhibit 5 lists the citation date as March 17, 2002. None of the three exhibits state the date of the offense.

Exhibit 2 was received by the district court without objection. Counsel for Taylor objected to exhibit 1 based on relevance and to exhibit 5 based upon foundation, relevance, hearsay, and hearsay within hearsay. The district court overruled these objections and received the evidence.

Using the three exhibits, the district court found that the State had met its burden of proof for the prior 2002 conviction. The court found that Taylor had three prior convictions and that the current DUI offense should be enhanced to a fourth offense. Following a hearing, the district court sentenced Taylor to 90 days' imprisonment, 3 years' probation, a $1,000 fine, and a license revocation of 15 years.

On appeal, the Court of Appeals affirmed and held that although there was no offense date in the record, it was clear from the exhibits the DUI offense occurred in 2002.[2] We granted further review.

## ASSIGNMENTS OF ERROR

In his petition for further review, Taylor assigns that the Court of Appeals erred in finding that the court-certified copy of electronic JUSTICE records received as exhibit 1, a certified copy of the bill of exceptions received as exhibit 2, and a certified copy of Taylor's driving record were sufficient to establish Taylor's prior DUI conviction in case No. CR02-4882.

---

[2] *Id.*

## STANDARD OF REVIEW

[1] On a claim of insufficiency of the evidence, an appellate court, viewing and construing the evidence most favorably to the State, will not set aside a finding of a previous conviction for the purposes of sentence enhancement supported by relevant evidence.[3]

[2] Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below.[4]

## ANALYSIS

The question before us is whether the State must prove an exact offense date for a prior conviction to meet its burden in establishing Taylor's 2002 DUI conviction for purposes of enhancement. Taylor argues that because the State failed to prove an offense date, it cannot meet its burden to prove by a preponderance of the evidence that the violation in CRO2-4882 was committed within the 12 years previous to the conviction for fourth-offense DUI.

[3,4] In order to prove a prior conviction for purposes of sentence enhancement, the State has the burden to prove the fact of prior convictions by a preponderance of the evidence, and the trial court determines the fact of prior convictions based upon the preponderance of the evidence standard.[5] Preponderance of the evidence requires proof which leads the jury to find that the existence of the contested fact is more probable than its nonexistence.[6]

Neb. Rev. Stat. § 60-6,197.03 (Reissue 2010) sets out the penalties for DUI convictions. The penalties include increased sentences for repeat DUI offenses. Neb. Rev. Stat. § 60-6,197.02 (Reissue 2010), which is the statute at issue in this case, explains how to determine prior DUI offenses for purposes of

---

[3] *State v. Linn*, 248 Neb. 809, 539 N.W.2d 435 (1995).

[4] *State v. Abdulkadair, ante* p. 417, 837 N.W.2d 510 (2013).

[5] *State v. Macek*, 278 Neb. 967, 774 N.W.2d 749 (2009).

[6] See *State v. Copple*, 224 Neb. 672, 401 N.W.2d 141 (1987), *abrogated on other grounds, State v. Reynolds*, 235 Neb. 662, 457 N.W.2d 405 (1990).

sentence enhancement. At the time of Taylor's arrest in 2011, § 60-6,197.02 stated:

> (1) A violation of section 60-6,196 or 60-6,197 shall be punished as provided in section 60-6,197.03. For purposes of sentencing under section 60-6,197.03:
>
> (a) Prior conviction means a conviction for a violation committed within the twelve-year period prior to the offense for which the sentence is being imposed as follows:
>
> . . . .
>
> (c) Twelve-year period means the period computed from *the date of the prior offense* to the date of the offense which resulted in the conviction for which the sentence is being imposed.
>
> (2) In any case charging a violation of section 60-6,196 or 60-6,197, the prosecutor or investigating agency shall use due diligence to obtain the person's driving record from the Department of Motor Vehicles and the person's driving record from other states where he or she is known to have resided within the last twelve years. The prosecutor shall certify to the court, prior to sentencing, that such action has been taken. The prosecutor shall present as evidence for purposes of sentence enhancement a court-certified copy or an authenticated copy of a prior conviction in another state. The court-certified or authenticated copy shall be prima facie evidence of such prior conviction.
>
> (3) For each conviction for a violation of section 60-6,196 or 60-6,197, the court shall, as part of the judgment of conviction, make a finding on the record as to the number of the convicted person's prior convictions. The convicted person shall be given the opportunity to review the record of his or her prior convictions, bring mitigating facts to the attention of the court prior to sentencing, and make objections on the record regarding the validity of such prior convictions.

(Emphasis supplied.)

[5,6] Statutory language is to be given its plain and ordinary meaning, and this court will not resort to interpretation

to ascertain the meaning of statutory words which are plain, direct, and unambiguous.[7] It is not within the province of this court to read a meaning into a statute that is not warranted by the legislative language.[8]

[7,8] We find that the plain and ordinary meaning of § 60-6,197.02 does not require the State to prove the exact date of the prior offense. It states that "[p]rior conviction means a conviction for a violation committed within the twelve-year period prior to the offense for which the sentence is being imposed . . . ."[9] The 12 years is calculated "from *the date of the prior offense* to the date of the offense which resulted in the conviction for which the sentence is being imposed."[10] Although having proof of the exact offense date would be the easiest method of proof, the statute does not require an exact date. Rather, the State must prove by a preponderance of the evidence that the prior offense occurred in the 12 years prior to the current offense.

Once the State meets it burden, § 60-6,197.02 shifts the burden to the defendant.[11] The defendant then has the opportunity "to review the record of his or her prior convictions, bring mitigating facts to the attention of the court prior to sentencing, and make objections on the record regarding the validity of such prior convictions."[12] This burden-shifting paradigm was created to simplify the prosecution's ability to make a prima facie case for purposes of enhancement against repeat offenders.[13]

[9] Before we address the evidence presented, Taylor argued in his brief and at oral argument that the district court erred in receiving exhibits 1 and 5 over Taylor's objections. However, we note that these objections were not assigned

---

[7] *Amen v. Astrue*, 284 Neb. 691, 822 N.W.2d 419 (2012).

[8] *Id.*

[9] § 60-6,197.02(1)(a).

[10] § 60-6,197.02(1)(c) (emphasis supplied).

[11] See *State v. Garcia*, 281 Neb. 1, 792 N.W.2d 882 (2011).

[12] § 60-6,197.02(3). See *State v. Garcia, supra* note 11.

[13] *State v. Garcia, supra* note 11.

in his petition for further review. The only issue assigned by Taylor on further review is whether the State sufficiently met its burden. It is well established that a petition for further review and supporting memorandum brief must specifically set forth and discuss any error assigned to the Court of Appeals.[14] Absent plain error, our review on a petition for further review is restricted to matters assigned and argued in the briefs.[15] Thus, we will not address Taylor's objections to exhibits 1 and 5.

On an appeal of a sentence enhancement hearing, we view and construe the evidence most favorably to the State.[16] The record establishes Taylor committed the current offense on May 20, 2011. Therefore, any prior DUI conviction is relevant for enhancing Taylor's sentence if the DUI offense occurred on or after May 20, 1999.

Here, the preponderance of the relevant evidence establishes that the offense at issue had to have occurred on or after September 1, 2001. At the plea hearing for the 2002 conviction, the district court repeatedly referenced that Taylor had been charged with DUI with a blood alcohol concentration of .08 of 1 gram or more by weight of alcohol per 210 liters of breath. This is crucial because in 2001, the Legislature had lowered the level from .10 of 1 gram to .08 of 1 gram.[17] Prior to September 1, 2001, a person was not guilty of DUI unless his or her blood alcohol content was .10 of 1 gram or more. Because Taylor was charged with DUI for having a blood alcohol concentration of .08 of 1 gram or more by weight of alcohol per 210 liters of breath, we find that the preponderance of the evidence establishes that Taylor's DUI offense occurred on or after September 1, 2001.

After the district court found that the State had carried its burden concerning the 2002 DUI conviction, the district court

---

[14] *State v. Dreimanis*, 258 Neb. 239, 603 N.W.2d 17 (1999).

[15] *Id.*

[16] *State v. Linn, supra* note 3.

[17] Compare Neb. Rev. Stat. § 60-6,196(1)(c) (Cum. Supp. 2000), with § 60-6,196(1)(c) (Cum. Supp. 2002).

properly shifted the burden back to Taylor.[18] The district court gave Taylor an opportunity to present evidence at the enhancement hearing. Taylor failed to do so. As we noted in *State v. Garcia*,[19] the defendant in enhancement proceedings is in a unique position to produce evidence concerning prior convictions, because it is within his knowledge. Taylor has firsthand knowledge of approximately when the offense occurred. And yet, Taylor never argued that the offense date for his 2002 DUI conviction occurred before May 20, 1999. Taylor failed to rebut the State's prima facie case for enhancement.

Therefore, we affirm the Court of Appeals' decision that the district court correctly found that the relevant evidence makes it more likely than not that the 2002 DUI conviction's offense date was within 12 years of the 2011 DUI offense.

## CONCLUSION

For purposes of enhancement of a DUI offense, the State is not required under § 60-6,197.02 to provide an exact offense date for prior convictions. Rather, the State is required to prove by the preponderance of the evidence that the prior offense occurred within the 12 years prior to the offense for which the defendant is being charged. In this case, the evidence establishes that Taylor's 2002 DUI conviction more likely than not occurred within the 12 years prior to his May 20, 2011, DUI offense. For this reason, we affirm the Court of Appeals' decision.

AFFIRMED.

---

[18] See *State v. Garcia, supra* note 11.

[19] *Id*.