had already been paid to the appropriate providers and that the remaining balances were to be paid directly to the medical providers and to Medicare as subrogor. We find Rebecca's assignment of error with regard to her entitlement for medical expenses is without merit.

## CONCLUSION

We find the county court did not err in finding it had jurisdiction to distribute the settlement proceeds only according to § 30-810 and in allocating the settlement proceeds accordingly. We also find the county court did not err in finding the parties were not entitled to recover the value of medical expenses incurred for Ellen's care and paid directly to the medical providers out of the settlement proceeds.

Affirmed.

———————————

State of Nebraska, appellee, v.
Elijah D. Watts, appellant.
___ N.W.2d ___

Filed November 4, 2014.    Nos. A-13-1105, A-13-1136.

1.  **Statutes: Appeal and Error.** Statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the trial court.
2.  **Rules of the Supreme Court: Appeal and Error.** Interpretation of a court rule is a matter of law in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the trial court.
3.  **Prior Convictions: Sentences.** To constitute a basis for enhancement of punishment on a charge of a second or subsequent offense, the prior conviction relied upon for enhancement must be a final conviction.
4.  **Prior Convictions: Sentences: Appeal and Error.** A prior conviction that is pending on appeal will not support enhanced penalties because it has not yet become final and may be reversed by the appellate court.
5.  **Sentences: Prior Convictions: Drunk Driving: Time.** The finality of a prior driving under the influence conviction offered for purposes of enhancement is determined as of the date the subsequent offense was committed.

Appeal in No. A-13-1105 from the District Court for Lancaster County, Paul D. Merritt, Jr., Judge, on appeal

thereto from the County Court for Lancaster County, Jean A. Lovell, Judge. Judgment of District Court affirmed. Appeal in No. A-13-1136 from the District Court for Lancaster County: Jodi Nelson, Judge. Affirmed.

Chad J. Wythers, of Berry Law Firm, for appellant.

Jon Bruning, Attorney General, and James D. Smith for appellee.

Inbody, Riedmann, and Bishop, Judges.

Riedmann, Judge.

## INTRODUCTION

This is a consolidated appeal in which Elijah D. Watts challenges two separate orders of the district court for Lancaster County involving two separate convictions for driving under the influence (DUI). In case No. A-13-1105, he appeals the district court's dismissal of his appeal from his 2005 county court conviction for DUI. In case No. A-13-1136, he appeals his most recent conviction for DUI, third offense, asserting that the district court erred in finding that his 2005 DUI conviction was a valid prior conviction for purposes of enhancement. These cases have been consolidated for briefing and disposition to address whether Watts' 2005 DUI conviction, which is on appeal in case No. A-13-1105, can be used to enhance his present DUI conviction, which is on appeal in case No. A-13-1136.

## BACKGROUND

Watts was convicted of DUI after pleading guilty in the county court for Lancaster County in 2005. He was sentenced to probation, and he completed his probation in early 2007. Watts did not attempt to appeal his conviction or sentence at that time.

Watts was arrested for the present DUI on January 18, 2013. He was charged in the district court for Lancaster County with DUI, third offense, with a breath alcohol concentration of .15 of a gram of alcohol per 210 liters of breath or greater. Watts entered a guilty plea to the underlying offense on

October 11. The district court accepted his plea and found him guilty beyond a reasonable doubt.

An enhancement hearing was held immediately following the acceptance of Watts' plea, during which hearing the State offered certified copies of the court files containing Watts' prior DUI convictions from 2005 and 2009. None of the court records associated with the 2005 conviction contained a file stamp.

Watts objected to the use of the 2005 conviction on the basis that it was not a final conviction, because it was currently pending on appeal. Defense counsel advised the court that he had filed a notice of appeal from the 2005 conviction that morning. Watts took the stand and testified as to the filing of the notice of appeal that morning as well. The district court found that both of Watts' prior convictions were valid for enhancement purposes, and it enhanced Watts' current DUI to a third offense.

Watts filed a motion for reconsideration of the district court's ruling. During a hearing on the motion, he offered a certified copy of the county court file for the 2005 conviction, which showed that a notice of appeal was in fact filed in the county court on October 11, 2013. It also contained an order issued by the county court on October 17, in which the court dismissed Watts' appeal as premature because the final order from which he appealed had never been file stamped. The court ordered the clerk of the court to file stamp the judgment, upon which, it indicated, Watts' time to appeal would begin to run. The clerk of the court file stamped the final order on October 17, and Watts filed a new notice of appeal in the county court on October 22.

Watts also offered a certified copy of the district court file showing that the 2005 conviction was currently before the court on appeal. Contained within the district court file was a notice issued by the clerk of the county court informing the clerk of the district court that no request had been received for preparation of the appeal transcript in this case, nor had any payment for the transcript fee been received.

The district court overruled the motion for reconsideration. Watts was sentenced to serve 300 days in the county jail, and

his driver's license was revoked for a period of 15 years. Watts timely appeals from that judgment.

On December 2, 2013, the district court dismissed Watts' appeal from the 2005 county court conviction for failure to request or pay for an appeal transcript as required by Neb. Ct. R. § 6-1452(A)(4)(b) (rev. 2011). Watts timely appeals from that judgment as well.

## ASSIGNMENTS OF ERROR

Watts asserts that the district court erred in (1) dismissing his appeal from the 2005 county court conviction and (2) finding that his 2005 DUI conviction was valid for purposes of enhancement, even though it was pending on appeal at the time of the enhancement hearing.

## STANDARD OF REVIEW

[1,2] Statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the trial court. *State v. Macek*, 278 Neb. 967, 774 N.W.2d 749 (2009). The Nebraska Supreme Court has not previously enunciated the standard of review applicable to the interpretation of court rules; however, we find it most analogous to the interpretation of statutes, so we apply the same standard here. Thus, interpretation of a court rule is a matter of law in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the trial court.

When dispositive issues on appeal present questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision of the court below. *State v. Anderson*, 279 Neb. 631, 781 N.W.2d 55 (2010).

## ANALYSIS

### Dismissal of Appeal From
### 2005 Conviction

Watts argues on appeal that the district court should have made a decision on the merits rather than dismissing his appeal from county court for failure to pay the transcript fee. We disagree.

The procedures for obtaining transcripts for appeals from a county court to a district court are set forth in the Nebraska Supreme Court Rules. The rules require appellants to file a request for preparation of the transcript at the time of filing the notice of appeal and to pay the estimated cost of the transcript to the county court before preparation of the transcript may begin. See § 6-1452(A)(1)(a) and (4)(a). In the event of non-payment, § 6-1452(A)(4)(b) provides the following:

> An appeal may be dismissed for failure to make payment for the transcript except in cases where a poverty affidavit has been filed. If payment for the transcript has not been received within the time allowed under Neb. Rev. Stat. § 25-2731, and no poverty affidavit has been filed, the clerk of the county court shall send a certified copy of the notice of appeal to the clerk of the district court, together with a statement that the fee has not been paid.

The record before us reflects that Watts failed to request or make payment for the county court transcript, and the clerk of the county court notified the district court of the same in accordance with this rule. There is no evidence that a poverty affidavit was ever filed, and Watts does not argue otherwise. Based on the plain language of § 6-1452(A)(4)(b), the district court was authorized to dismiss the appeal upon Watts' failure to pay for the transcript. We find no error in its having done so.

Watts acknowledges that the language of the court rule supports the district court's decision, but argues that the rule should be interpreted in light of precedent set forth by the Nebraska Supreme Court. Specifically, he cites to *Riggert v. King*, 192 Neb. 607, 223 N.W.2d 155 (1974), and *WBE Co. v. Papio-Missouri River Nat. Resources Dist.*, 247 Neb. 522, 529 N.W.2d 21 (1995), for the well-established proposition that it is incumbent upon the appellant to present a record supporting the errors assigned and that absent such a record, the lower court's decision will be affirmed. However, we note that in *Riggert v. King, supra*, there is no indication that the appellant failed to request or pay for a transcript. It is evident from the opinion that the court had the transcript before it and that it

was the appellant's failure to provide a bill of exceptions containing *evidence* to support his position which led the reviewing court to presume the evidence supported the findings of the lower court and affirm the decision.

*WBE Co. v. Papio-Missouri River Nat. Resources Dist.,* *supra*, was an action that originated in a district court. The appellant failed to include a copy of one of the motions from which it received an adverse ruling. The court held that because the motion was not part of the record, the record was not properly preserved. After reviewing the bill of exceptions, the court determined the appellant's assignment of error as to this issue was without merit. The appellant did not fail to provide a transcript; rather, he failed to include one of the motions on which he received an unfavorable ruling. Furthermore, the case originated in a district court and did not involve § 6-1452(A)(4)(b), which is applicable only to cases appealed from a county court to a district court.

The proposition of law that Watts urges us to apply is generally applied in situations where the bill of exceptions containing the trial court evidence is either missing or incomplete. As a result, the appellate court examines the transcript to determine whether the pleadings support the trial court's judgment, and if so, it affirms the judgment. See, *Centurion Stone of Neb. v. Whelan*, 286 Neb. 150, 835 N.W.2d 62 (2013); *Groene v. Commissioner of Labor*, 228 Neb. 53, 54, 421 N.W.2d 31, 32 (1988) ("[i]n the absence of a bill of exceptions, the judgment of the trial court will be affirmed if the pleadings support the judgment"). It is not applicable in a situation where, as here, a party appeals from a county court to a district court and does not request or pay for a transcript. In this situation, the district court may dismiss the appeal pursuant to § 6-1452(A)(4)(b). See *State v. Hanus*, 3 Neb. App. 881, 534 N.W.2d 332 (1995).

In *State v. Hanus, supra*, the appellant did not request a transcript or file a poverty affidavit within 10 days of filing his notice of appeal. Our opinion primarily addressed the lower courts' shortcomings as they related to the appellant's in forma pauperis status. However, as to the district court's authority to dismiss the appeal, we relied upon what is now

§ 6-1452(A)(4)(b) and stated: "If in forma pauperis status was properly denied, [the] appeal was clearly subject to dismissal for failure to advance the costs of the appeal." *Id.* at 893, 534 N.W.2d at 340.

In the present action, Watts failed to advance the costs of the transcript, and we find no error in the district court's dismissal of the appeal of his 2005 DUI conviction based upon § 6-1452(A)(4)(b).

### Enhancement of
### 2013 Conviction

Watts asserts that the district court erred in using his 2005 DUI conviction to enhance his present sentence. He argues that the 2005 conviction was not final, because it was pending on appeal at the time of the enhancement hearing.

[3-5] To constitute a basis for enhancement of punishment on a charge of a second or subsequent offense, the prior conviction relied upon for enhancement must be a final conviction. *State v. Estes*, 238 Neb. 692, 472 N.W.2d 214 (1991). A prior conviction that is pending on appeal will not support enhanced penalties because it has not yet become final and may be reversed by the appellate court. See *id.* However, in *State v. Estes*, *supra*, the Nebraska Supreme Court held that the finality of a prior DUI conviction offered for purposes of enhancement is determined as of the date the subsequent offense was committed, not the date of the enhancement hearing. It stated:

> The defendant's habitual offender status is determined at the time the subsequent offense is committed. . . . Therefore, even if the first conviction is affirmed before sentencing on the second conviction, it may not be used for sentencing enhancement purposes, since it was not final at the time the second offense was committed.

*Id.* at 695-96, 472 N.W.2d at 216.

Here, Watts' 2005 DUI conviction was not on appeal at the time the present offense was committed. He committed the present offense on January 18, 2013, and then subsequently filed his notice of appeal from the 2005 DUI conviction on October 11. We note that the time to appeal the 2005

conviction had not yet expired due to the failure of the clerk to place a file stamp on the final sentencing order. See Neb. Rev. Stat. § 25-1301(3) (Reissue 2008) ("[f]or purposes of determining the time for appeal, the date stamped on the judgment, decree, or final order shall be the date of entry"). However, the Nebraska Supreme Court has determined that the lack of a file stamp does not invalidate a prior conviction for purposes of enhancement. See *State v. Macek*, 278 Neb. 967, 774 N.W.2d 749 (2009).

In *State v. Macek, supra*, the appellant argued that the district court erred in using two of his prior DUI convictions to enhance his sentence, because the prior convictions lacked file stamps and therefore were not final convictions. The Supreme Court rejected this argument, in part, because there was no dispute that the prior convictions had occurred years before the present offense was committed and had not been appealed. See *id*. The Supreme Court further held that the appeal was an impermissible collateral attack on the prior proceedings and found that the prior convictions were properly used for enhancement. See *id*.

Reading *State v. Estes, supra*, and *State v. Macek, supra*, together, we conclude that Watts' 2005 DUI conviction is valid for purposes of enhancement, because no appeal had been taken at the time the present offense was committed and because any attempt to attack the prior conviction based on the lack of a file stamp would have been an impermissible collateral attack, since there was no appeal pending at that time. Thus, the district court was correct in enhancing Watts' conviction to a third offense.

## CONCLUSION

The district court did not err in dismissing Watts' appeal from his 2005 DUI conviction, nor did it err in finding that such conviction was valid for purposes of enhancement. Accordingly, we affirm.

AFFIRMED.