IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. ASSAD

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JASON ASSAD, APPELLANT.

Filed February 26, 2019.    No. A-17-1193.

Appeal from the District Court for Cheyenne County: DEREK C. WEIMER, Judge. Affirmed.

Brian S. Munnelly for appellant.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellee.

MOORE, Chief Judge, and RIEDMANN and BISHOP, Judges.

RIEDMANN, Judge.

## INTRODUCTION

Jason Assad appeals the order of the district court for Cheyenne County which granted the State's motion to dismiss his verified motion for postconviction relief. We affirm.

## BACKGROUND

In 2015, Assad was charged by second amended information with count I, possession of a weapon (knife) by a prohibited person; count II, first degree false imprisonment; count III, terroristic threats; count IV, use of a weapon (knife) to commit a felony; and count V, possession of a firearm by a prohibited person. The State also alleged that he was a habitual criminal. Prior to trial, Assad filed several motions to suppress evidence that had been seized pursuant to three separate search warrants. The district court denied all of the motions.

A jury trial was held, and the jury found Assad guilty of all five counts. Thereafter, the district court held a hearing on the habitual criminal enhancement. In support of the allegation, the

- 1 -

State offered into evidence two exhibits, marked as exhibits 54 and 55, which were certified copies of prior felony convictions from Colorado. The exhibits were received into evidence over Assad's foundational objections, and the court found the evidence sufficient to support the habitual criminal enhancement.

Assad was sentenced to terms of imprisonment of 10 to 20 years on count I, 15 to 20 years on count II, 15 to 20 years on count III, 10 to 20 years on count IV, and 10 to 20 years on count V. The sentences in counts II and III were to run concurrent to the sentence on count I. The sentence on count IV was to run consecutive to the sentences on counts I, II, and III, and the sentence on count V was to run consecutive to the sentences on counts I, II, III, and IV.

Assad appealed his convictions and sentences. On direct appeal, he was represented by different counsel than counsel who represented him at trial. His appellate counsel asserted two assignments of error related to the pretrial motions to suppress. The State filed a motion for summary affirmance, alleging that trial counsel had not renewed his motions to suppress during trial by objecting to any evidence seized pursuant to the search warrants, and therefore, the errors alleged on appeal had been waived. Assad's appellate counsel then filed a motion requesting leave to file a revised brief in which she added an error assigning that trial counsel was ineffective in failing to object to such evidence at trial. This court denied leave to file the revised brief and granted the State's motion, summarily affirming Assad's convictions and sentences. See *State v. Assad* (No. A-15-613, Jan. 21, 2016) (disposed of without opinion).

On March 21, 2017, Assad filed a verified motion for postconviction relief through new counsel. The motion alleged that he was entitled to relief on six grounds. The State then filed a motion to dismiss. After holding a hearing on the motion to dismiss, the district court entered an order finding that all of the claims raised in the postconviction motion were either procedurally barred or lacked merit. Assad timely appeals to this court.

## ASSIGNMENTS OF ERROR

Assad assigns that the district court erred in (1) finding that exhibit 54 was sufficient to prove a prior felony conviction for enhancement purposes and (2) granting the State's motion to dismiss because he received ineffective assistance of appellate counsel.

## STANDARD OF REVIEW

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Ross*, 296 Neb. 923, 899 N.W.2d 209 (2017).

Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law. *Id*. When reviewing a question of law, an appellate court resolves the question independently of the lower court's conclusion. *Id*.

ANALYSIS

*Exhibit Used for Enhancement Purposes.*

Assad first argues that exhibit 54 was insufficient to establish a prior felony conviction for purposes of the habitual criminal enhancement. We conclude that the district court properly dismissed this claim because it is procedurally barred.

Postconviction relief is a very narrow category of relief available only to remedy prejudicial constitutional violations. *State v. Ross, supra*. A motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal. *Id*.

Here, whether exhibit 54 was sufficient for enhancement purposes is an issue that could have been raised on direct appeal, but Assad failed to do so. This claim is therefore procedurally barred and cannot be raised in a postconviction motion.

*Ineffective Assistance of Appellate Counsel.*

Assad also alleges that he received ineffective assistance of appellate counsel. To establish a right to postconviction relief because of counsel's ineffective assistance, the defendant has the burden, under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *State v. Sellers*, 290 Neb. 18, 858 N.W.2d 577 (2015). Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case. *Id*. To show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id*. A court may address the two prongs of this test, deficient performance and prejudice, in either order. *Id*.

A claim of ineffective assistance of appellate counsel which could not have been raised on direct appeal may be raised on postconviction review. *Id.* When analyzing a claim of ineffective assistance of appellate counsel, courts usually begin by determining whether appellate counsel failed to bring a claim on appeal that actually prejudiced the defendant. *Id*. That is, courts begin by assessing the strength of the claim appellate counsel failed to raise. *Id*. Counsel's failure to raise an issue on appeal could be ineffective assistance only if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal. *Id*. When a case presents layered ineffectiveness claims, we determine the prejudice prong of appellate counsel's performance by focusing on whether trial counsel was ineffective under the *Strickland* test. *State v. Sellers, supra*. If trial counsel was not ineffective, then the defendant suffered no prejudice when appellate counsel failed to bring an ineffective assistance of trial counsel claim. *Id*.

Assad assigns that the district court erred in dismissing his claims because he received ineffective assistance of appellate counsel when appellate counsel failed to allege as error on direct appeal that trial counsel was ineffective in the following ways: (1) failing to object at the enhancement hearing to exhibit 54, (2) failing to object at trial to certain jury instructions, (3) failing to object at trial to a search warrant affidavit, and (4) failing to object at trial to the second and third search warrants and the evidence seized pursuant to those warrants.

Despite the assigned error, Assad does not argue his second, third, and fourth claims with respect to ineffective assistance of appellate counsel. An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. *State v. Chacon*, 296 Neb. 203, 894 N.W.2d 238 (2017).

Rather than set forth specific arguments as to these claims, Assad generally argues that a defendant is entitled to effective appellate counsel and asserts that because of his appellate counsel's deficient performance, he was denied his constitutional right to a direct appeal. Any error with respect to the denial of his right to a direct appeal was not assigned as error, however, and we therefore do not address it. Because he does assert a specific argument with respect to exhibit 54, we will address that issue in the context of his ineffective assistance of appellate counsel claim.

Subsequent to the jury trial but before sentencing, the district court held a hearing on the habitual criminal enhancement. At the hearing, the State offered into evidence exhibit 54 for purposes of establishing a previous felony conviction in order to support the habitual criminal enhancement. The exhibit is a certified copy of a prior conviction and shows that Assad was convicted of a felony charge in Colorado in 2009 for which he was ultimately sentenced to the Department of Corrections for 3 years. Assad's trial counsel objected to the exhibit on foundational grounds, but the court overruled the objection and received it into evidence. The court then determined that the State presented sufficient evidence to support the habitual criminal enhancement.

Nebraska's habitual criminal statutes provide for enhanced mandatory minimum and maximum sentences for a convicted defendant who has been twice convicted of crimes for terms not less than 1 year. *State v. Alford*, 278 Neb. 818, 774 N.W.2d 394 (2009). See, also, Neb. Rev. Stat. § 29-2221 (Reissue 2016). In a habitual criminal proceeding, the State's evidence must establish with requisite trustworthiness, based upon a preponderance of the evidence, that (1) the defendant has been twice convicted of a crime, for which he or she was sentenced and committed to prison for not less than 1 year; (2) the trial court rendered a judgment of conviction for each crime; and (3) at the time of the prior conviction and sentencing, the defendant was represented by counsel or had knowingly and voluntarily waived representation for those proceedings. *State v. Jenkins*, 294 Neb. 684, 884 N.W.2d 429 (2016).

Assad argues that exhibit 54 is not a valid judgment of conviction for enhancement purposes because the court order showing that he was sentenced to a term of imprisonment was not signed by a judge. He relies upon Neb. Rev. Stat. § 25-1301 (Reissue 2016) to argue that in order to constitute a "judgment," the order must be signed by a judge.

The Nebraska Supreme Court has rejected a similar argument as an impermissible collateral attack on a prior conviction. See *State v. Macek*, 278 Neb. 967, 774 N.W.2d 749 (2009). In *Macek*, the defendant was convicted of fourth-offense DUI after the court received into evidence two certified prior convictions for DUI over the defendant's objection. On appeal, the defendant argued that the trial court had erred in using the two prior convictions to enhance his sentence because those two convictions lacked a file stamp. To support his argument, he, like Assad, relied upon § 25-1301, which, in addition to a judge's signature, also requires a file stamp and date in order for a judgment to become final. The Supreme Court observed that collateral attacks on previous proceedings are impermissible unless the attack is grounded upon the trial court's lack of

jurisdiction over the parties or subject matter. The Supreme Court therefore rejected the defendant's argument and held that the evidence was sufficient for enhancement purposes.

Likewise here, by arguing that exhibit 54 was not a final judgment because it lacked the signature of a judge, Assad is collaterally attacking his prior conviction. Because his attack is not based on lack of jurisdiction, he is not permitted to challenge the prior proceedings at this time. We therefore conclude that exhibit 54 was sufficient to establish a prior conviction for the habitual criminal enhancement. Because a challenge to the exhibit at the enhancement hearing would not have been successful, trial counsel was not ineffective in failing to object to the exhibit on these grounds, and in turn, appellate counsel was not ineffective in failing to raise on direct appeal the ineffectiveness of trial counsel as to this issue.

Assad also assigns that exhibit 54 was insufficient to support the habitual criminal enhancement because the sentence therein was ordered to run concurrent to a separate sentence he was serving in Colorado. But because he does not specifically argue this claim, we do not address it. See *State v. Chacon*, 296 Neb. 203, 894 N.W.2d 238 (2017) (alleged error must be specifically assigned and specifically argued to be considered by appellate court).

CONCLUSION

Based on the foregoing, we conclude that the district court did not err in granting the State's motion and dismissing the verified motion for postconviction relief. We therefore affirm.

AFFIRMED.